[No. 43683.    En Banc.    December 18, 1975.]

JAMES H. CAMMEL, *Respondent*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellant*.

*Nashem, Prediletto, Brooks & Schussler* and *Don W. Schussler*, for appellant.

*David H. Putney* (of *Halverson, Applegate, McDonald, Bond, Grahn, Wiehl, Almon & Putney*), for respondent.

HOROWITZ, J.—This case considers the amount of uninsured motorist coverage available to a husband and wife insured on three separate automobile insurance liability policies issued to them on three separate vehicles by one insurer. The question presented is the meaning and the validity of the pro rata clause of the "Other Insurance" exclusion, which applies to the uninsured motorist coverage contained in each policy.

The facts are these. During their lifetimes the insureds, husband and wife, purchased three separate policies, each on a different automobile owned by them, each providing uninsured motorist coverage of $15,000 per person and $30,000 per accident. The insureds were killed when their vehicle collided with a car driven by an uninsured motorist. Plaintiff James H. Cammel, the administrator of his parents' estate, requested the insurer, State Farm Mutual Automobile Insurance Company, to agree to arbitrate the amount due on his parents' insurance, as permitted by the policies, upon condition the insurer agree to pay any award up to $90,000. The insurer refused, claiming the pro rata clause applicable to the provision for uninsured motorist coverage in each of the policies limited the insureds' maximum recovery to a total of $30,000.

Plaintiff then brought this action for a declaratory judgment, to obtain a ruling declaring the combined uninsured motorist coverage of the insureds' policies subject to the arbitration procedure provided for in those policies was $90,000. The trial court agreed, and held the insurer must arbitrate the claims based upon a maximum liability of $90,000.

The insurer contends the pro rata clause of the "Other Insurance" exclusion in each policy is valid, so that plaintiff is limited to a maximum recovery of $10,000 under the

uninsured motorist coverage of each policy, or a total of $30,000.

The pro rata clause in each policy states:

> Subject to the foregoing paragraph, under coverage U if the *insured* has other similar insurance available to him against a loss covered by this coverage, then the damage shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

Plaintiff, responding, contends (1) the pro rata clause has the effect of reducing the minimum uninsured motorist coverage required in each policy by RCW 48.22.030 and RCW 46.29.490, and (2) that a construction of the three policies which reduces recovery to no more than what the insured would have obtained under one policy is unreasonable when a separate premium has been paid and accepted by the insurer for each policy. We agree with plaintiff and affirm the judgment below.

Coverage U (uninsured motorist coverage) is included in the three policies pursuant to RCW 48.22.030, which provides:

> [N]o new policy or renewal . . . shall be delivered or issued . . . in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in RCW 46.29.490 [$15,000 per person, $30,000 per accident], for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . .

In addition, RCW 48.18.130 requires insurance contracts to contain "such standard provisions as are required by the applicable chapters of this code pertaining to contracts of particular kinds of insurance." RCW 48.18.130 (2) provides:

> No insurance contract shall contain any provision inconsistent with or contradictory to any such standard

provision used or required to be used . . . No endorsement, rider, or other documents attached to such contract shall vary, extend, or in any respect conflict with any such standard provision, or with any modification thereof so approved by the commissioner as being more favorable to the insured.

The requirement of RCW 48.22.030 and RCW 48.18.130(2), that each automobile liability insurance policy issued in Washington shall offer uninsured motorist coverage of $15,000 per person and $30,000 per accident, is unambiguous and mandatory. A literal reading of the statute precludes any suggestion this requirement is satisfied by a single uninsured motorist coverage in these amounts when the injured person is insured under more than one policy applicable to the accident. We conclude, therefore, that the pro rata clause of the "Other Insurance" exclusion in each of the three policies violates RCW 48.22.030, and when the aggregate of all recoveries sought by the insured person or persons will not exceed their actual damages, is invalid and ineffective. This conclusion is not only required by the language of RCW 48.22.030 and RCW 48.18.130(2), but also fulfills the apparent statutory policy.

[T]here is no persuasive warrant, in construing a statute designed to provide protection by insurance for victims of uninsured motorists, to refuse to read the statute literally when such a reading will subserve the socially desirable policy of adequate indemnification of innocent automobile accident victims.

*Motor Club of America Ins. Co. v. Phillips*, 66 N.J. 277, 292, 330 A.2d 360, 368 (1974).

The conclusion we reach is in accord with that reached by a significant majority of other courts. They hold that an "other insurance" exclusion, whether in the form of a "pro rata" or other similar clause, is an invalid limitation on the coverage required by the uninsured motorist statute of the particular state. See the compilations of cases in *Blakeslee v. Farm Bureau Mut. Ins. Co.*, 388 Mich. 464, 201 N.W.2d 786, 789-90 (1972); *Motor Club of America Ins. Co. v. Phillips*, *supra* at 287-90.

The insurer contends, however, this case is controlled by *Miller v. Allstate Ins. Co.*, 66 Wn.2d 871, 405 P.2d 712 (1965), and *State Farm Mut. Auto. Ins. Co. v. Bafus*, 77 Wn.2d 720, 466 P.2d 159 (1970). Each of these cases considers the amount of compensation available to a claimant who has been injured by an uninsured motorist and is covered by more than one uninsured motorist endorsement. However, each of these cases is distinguishable. *Miller v. Allstate, supra*, was decided before the enactment of RCW 48.22.030 or RCW 48.18.130(2). *State Farm Mut. Auto. Ins. Co. v. Bafus, supra*, only held that a claimant may not "stack" uninsured motorist coverage where this will produce a double recovery, that is, where one of the available sources of indemnification exceeds the total damages sustained by the claimant. Neither of the cited cases dealt with the problem here presented, namely, where the insureds' damages exceed the coverage available under any one of three policies.

Although not argued, we deem it desirable to deal with RCW 46.29.490(9), which provides:

> Proration of insurance permitted. Any motor vehicle liability policy may provide for the prorating of the insurance thereunder with other valid and collectible insurance.

The insurer makes no contention this quoted section applies here to uphold the validity of the pro rata clause in the instant case. However, to so hold we would be required to ignore that RCW 48.22.030 incorporates only the "limits for bodily injury or death set forth in RCW 46.29.490," and adopt a construction of this statute which would frustrate the apparent legislative intention to provide a mandatory minimum uninsured motorist coverage in each policy issued. RCW 48.22.030 is identical, except for minor alterations of negligible significance, to a uniform uninsured motorist statute adopted in 34 other states. A. Widiss, *A Guide to Uninsured Motorist Coverage* 129-30 (1969). This uniform provision and RCW 48.22.030 both require that the uninsured motorist coverage be provided "in limits for bod-

ily injury or death set forth in [the financial responsibility laws]." The "limits" in the financial responsibility laws mean only the mandatory minimum dollar amounts set out therein and do not refer to related provisions such as RCW 46.29.490(9). *See* A. Widiss, *supra* at 137 and Appendix B. RCW 48.22.030 does not expressly provide for a pro rata clause to reduce such minimum limits.

█ Moreover, RCW 48.22.030 and RCW 46.29.490(9) can be harmonized when we consider the history of these statutes. RCW 48.22.030 (Laws of 1967, ch. 150, § 27, p. 737), construed to provide for fixed minimum limits in uninsured motorist coverage, is a qualification of RCW 46.29.490(9) (Laws of 1963, ch. 169, § 49, p. 815) insofar as pertinently irreconcilable.

> But if there is an irreconcilable conflict between the new provision and the prior statutes relating to the same subject matter, the new provision will control as it is the later expression of the legislature.

2A *Sutherland Statutory Construction* § 51.02, at 290 (4th ed. C. Sands 1973).

█ In any case, it is doubtful whether RCW 46.29.490(9) even applies in the case of multiple motor vehicle liability policies all issued by one insurer to one insured. The purpose of a pro rata clause in an uninsured motorist provision is (1) to assure the carrier that it will not have to pay more than its fair share of the loss; and (2) to prevent double recovery in situations where more than one policy's uninsured motorist protection is involved. P. Eisler, *California Uninsured Motorist Law* 156 (2d ed. 1974). Clearly the first purpose is inapplicable to the instant case, where the same carrier provides all the available coverage. The second purpose, to prevent double recovery of the actual amount of loss, will not be frustrated by making the pro rata clause inapplicable to the instant case. *See State Farm Mut. Auto. Ins. Co. v. Bafus, supra* (pro rata clause will operate to prevent recovery of more than actual damages under uninsured motorist endorsements). Accordingly, a pro rata clause in an automobile

liability policy's uninsured motorist provision has been held inapplicable when all the coverage is provided by the same insurer:

> The other insurance clause [pro rata clause] is not free of ambiguity when considered within the context of this case. Its purpose is twofold—to prorate the loss and to fix the limit thereof. Obviously, there is no purpose in proration unless the "other insurance" was written by another company, since that provision is designed to preclude payment of a disproportionate amount of a loss shared with another company.

*United Servs. Auto. Ass'n v. Dokter*, 86 Nev. 917, 919-20, 478 P.2d 583, 584 (1970).

■ There is a third objection to permitting the policies' pro rata clause to reduce the insureds' recovery below their actual damages in the instant case. Defendants charged and collected a separate premium for each policy. If plaintiffs are limited to $30,000 (the permissible recovery under one policy), even though they have paid for uninsured motorist coverage under the second and third policies, then they are left in the position of having paid for coverage they do not receive.

A consideration of the nature of uninsured motorists coverage reinforces our belief that such a result is impermissible. "Uninsured motorist coverage is designed to protect not vehicles, but persons, *i.e.*, the innocent victims of negligent uninsured motorists." *Lipscombe v. Security Ins. Co.*, 213 Va. 81, 189 S.E.2d 320, 322-23 (1972). The insureds, in the instant case, were provided uninsured motorist coverage in each policy which protected them whether or not they were occupying a particular automobile at the time of the accident. Therefore, it is reasonable to assume that when the insureds paid premiums for their uninsured motorist coverage for two additional policies, they wished to be protected "for *all* the damages [they] might suffer and not just be bound by the minimal limits of the financial responsibility law." P. Eisler, *California Uninsured Motorist Law* 162 (2d ed. 1974). As stated by the Kansas court:

> If, in paying one premium for a single automobile, cover-

age is purchased while occupying the insured automobile along with the coverage not tied to that automobile, the question might well be asked, What coverage is intended by payment . . . for a second automobile?

*Sturdy v. Allied Mut. Ins. Co.*, 203 Kan. 783, 791, 457 P.2d 34, 41 (1969).

The result reached promotes the public policy that underlies our statutory regulation of the insurance industry. RCW 48.01.030 states that "[t]he business of insurance is one affected by the public interest . . ." In addition, an overwhelming majority of other courts, in dealing with multiple policies containing uninsured motorist coverage issued by the same insurer to one insured, have held the insured is entitled to multiple coverage irrespective of the policies' "other insurance" clauses. *See, e.g., Glidden v. Farmers Auto. Ins. Ass'n*, 57 Ill. 2d 330, 312 N.E.2d 247 (1974); *Johnson v. Travelers Indem. Co.*, 359 Mass. 525, 269 N.E.2d 700 (1971); *Van Tassel v. Horace Mann Mut. Ins. Co.*, 296 Minn. 181, 207 N.W.2d 348 (1973); *United Servs. Auto. Ass'n v. Dokter*, 86 Nev. 917, 478 P.2d 583 (1970); *Cunningham v. Insurance Co. of N. America*, 213 Va. 72, 189 S.E.2d 832 (1972).

The judgment is affirmed.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.