[No. 44585. En Banc. April 14, 1977.]

FEDERATED AMERICAN INSURANCE COMPANY, *Appellant,* v. DAVID C. RAYNES, ET AL, *Respondents.*

*Wayne Murray* (of *Murray, Dunham & Waitt*), for appellant.

*Abbott, Curtis & Galvin,* by *Dale J. Galvin,* for respondents.

HAMILTON, J.—This appeal concerns the validity of certain provisions in the uninsured motorist section of an insurance policy which appellant, Federated American Insurance Company (FAI), had issued to David Raynes, respondent.

Respondent was injured in an accident while driving his motorcycle. For the purposes of this action, the parties stipulated that the driver of the car which struck respondent was at fault and was an uninsured motorist. The driver of the car is not a party in this suit. FAI is not the insurer of the motorcycle. Respondent insured his motorcycle through another insurance company which is not a party to this suit. However, respondent also owned two cars which were insured under a single policy issued by FAI. This policy contained uninsured motorist coverage of $15,000 per person and $30,000 per accident for each car, for which respondent paid a $15 premium for the first car and a $10 premium for the second car. The present controversy arose because respondent filed a claim with FAI under his uninsured motorist coverage in FAI's policy. When FAI denied liability, respondent sought arbitration. FAI then instituted this action seeking a declaratory judgment that it was not liable to respondent under the facts of this case.

There are two issues for our resolution: (1) Is exclusion

(b)[1] in FAI's uninsured motorist coverage invalid under Washington's uninsured motorist statute, RCW 48.22.030?[2] (2) If exclusion (b) is invalid, does FAI's policy afford respondent $15,000 or $30,000 in coverage, *i.e.*, can the two uninsured motorist coverages for respondent's two cars be combined so as to afford him double coverage? The trial court found against FAI on both issues and granted summary judgment for respondent. It ordered that respondent could proceed to arbitration and that FAI was liable, if the arbitration so determined,[3] to pay all sums by which the arbitration award exceeded $15,000—the first $15,000 being the obligation of the other insurance company as primary insurer—up to the $30,000 limit of FAI's policy. We will discuss these issues in the order presented above.

---

[1]Exclusion (b) provides:

"This endorsement does not apply:

". . .

"(b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by such an automobile, but this exclusion does not apply to the principal named insured or his relatives while occupying or if struck by an automobile owned by an insured named in the schedule or his relatives."

[2]RCW 48.22.030 provides:

"On and after January 1, 1968, no new policy or renewal of an existing policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in RCW 46.29.490, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, except that the named insured may be given the right to reject such coverage, and except that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer."

[3]Presumably, the issues for arbitration are three: (1) Was the other driver an uninsured motorist? (2) Was the other driver at fault? (3) What are respondent's damages?

In *Touchette v. Northwestern Mut. Ins. Co.*, 80 Wn.2d 327, 494 P.2d 479 (1972), we held that the public policy regarding uninsured motorist coverage as set forth in RCW 48.22.030 governs the express terms of an insurance contract. Thus, the outcome of the first issue depends on whether exclusion (b) conflicts with RCW 48.22.030.

■ The effect of FAI's exclusion (b) is to deny uninsured motorist coverage to an insured when he is occupying a vehicle owned by him but not insured by FAI. Other state courts have split over whether similar exclusion provisions are invalid. Some courts have invalidated these exclusion provisions, because they conflict with the public policy of providing uninsured motorist coverage. *See State Farm Auto. Ins. Co. v. Reaves*, 292 Ala. 218, 292 So. 2d 95 (1974); *Mullis v. State Farm Mut. Auto. Ins. Co.*, 252 So. 2d 229 (Fla. 1971); *Bass v. State Farm Mut. Auto. Ins. Co.*, 128 Ga. App. 285, 196 S.E.2d 485 (1973), *modified,* 231 Ga. 269, 201 S.E.2d 444 (1973); *Doxtater v. State Farm Mut. Auto. Ins. Co.*, 8 Ill. App. 3d 547, 290 N.E.2d 284 (1972); *State Farm Mut. Auto. Ins. Co. v. Robertson*, 156 Ind. App. 149, 295 N.E.2d 626 (1973); *Cannon v. American Underwriters, Inc.*, 150 Ind. App. 21, 275 N.E.2d 567 (1971); *Elledge v. Warren*, 263 So. 2d 912 (La. App. 1972); *Nygaard v. State Farm Mut. Auto. Ins. Co.*, 301 Minn. 10, 221 N.W.2d 151 (1974); *State Farm Mut. Auto. Ins. Co. v. Hinkel*, 87 Nev. 478, 488 P.2d 1151 (1971); *Bell v. State Farm Mut. Auto. Ins. Co.*, __ W. Va. __, 207 S.E.2d 147 (1974).

Other courts have upheld the exclusion provision on the basis that the insurer is not a gratuitous guarantor or that the exclusion is a reasonable one. *See Rodriquez v. Maryland Indem. Ins. Co.*, 24 Ariz. App. 392, 539 P.2d 196 (1975); *Chambers v. Owens*, 22 Ariz. App. 175, 525 P.2d 306 (1974); *Holcomb v. Farmers Ins. Exch.*, 254 Ark. 514, 495 S.W.2d 155 (1973); *Barton v. American Family Mut. Ins. Co.*, 485 S.W.2d 628 (Mo. Ct. App. 1972); *Shipley v. American Standard Ins. Co.*, 183 Neb. 109, 158 N.W.2d 238 (1968); *Stagg v. Travelers Ins. Co.*, 486 S.W.2d 399 (Tex. Civ. App. 1972).

Although we have not been faced with this exact issue before, we believe our decisions in *Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 549 P.2d 9 (1976), *Cammel v. State Farm Mut. Auto. Ins. Co.,* 86 Wn.2d 264, 543 P.2d 634 (1975), and *Touchette v. Northwestern Mut. Ins. Co., supra,* point to the invalidation of exclusion (b).

*Touchette* also involved an exclusion provision similar to the one in the present case. In *Touchette,* the son of the named insured was injured in an accident with an uninsured motorist. The son was driving a car owned by him and not named in his father's policy. However, the son was an insured under the definition of insured in his father's policy. The insurance company contended that the exclusion provision cut off the son's entitlement to uninsured motorist coverage, because his car was not a named vehicle in the policy. We found that because the son was an insured under the policy, RCW 48.22.030 required that he be entitled to uninsured motorist coverage. In a concurring opinion, Justice Neill interpreted the majority opinion to mean that the statutory policy of RCW 48.22.030 vitiates any attempt to make the meaning of insured for purposes of uninsured motorist coverage narrower than the meaning of that term under the primary liability section of the policy.

> The policy of RCW 48.22.030 requires that insurers make available uninsured motorist coverage to a class of "insureds" that is at least as broad as the class in the primary liability sections of the policy. It does not preclude the parties from reaching agreement as to the scope of that class in the first instance.

*Touchette v. Northwestern Mut. Ins. Co., supra* at 337.

We followed Justice Neill's reasoning in *Farmers Ins. Co. v. Miller, supra.* In that case the named insured's son was killed in an accident with an uninsured motorist. The insurance policy defined "'insured'" as "'the named insured or a relative.'" "'[R]elative'" was defined as "'a relative of the named insured . . . who is a resident of the same household, provided neither such relative nor his spouse

owns an automobile.'" *Farmers Ins. Co. v. Miller, supra* at 71–72. Because the son owned an automobile, he was not an insured under the insurance policy and was not entitled to uninsured motorist coverage. We held that the public policies expressed in *Touchette* were not violated, because the definition of insured was applied consistently throughout the contract.

FAI attempts to bring exclusion (b) within the rules of *Touchette* and *Miller* by arguing that the primary liability section of its policy also excludes coverage when the insured is occupying a vehicle owned by him but not insured by FAI. Therefore, the argument goes, exclusion (b) does not violate the policy of RCW 48.22.030, because coverage is not narrower under the uninsured motorist section than under the primary liability section. This argument misconceives the rules of *Touchette* and *Miller.* RCW 48.22.030 mandates uninsured motorist coverage "for the protection of persons insured" under the policy, unless the named insured rejects such coverage. *Touchette* and *Miller* stand for the proposition that the parties may agree to a narrow definition of insured so long as that definition is applied consistently throughout the policy, but once it is determined that a person is an insured under the policy, that person is entitled to uninsured motorist coverage. Respondent is the named insured in FAI's policy. Exclusion (b) does not narrow the definition of insured so as to exclude respondent from being an insured under the policy. Rather, the exclusion merely excludes coverage when the insured is injured in a certain situation, *i.e.,* occupying a car owned by him but not insured by FAI. This attempt to exclude coverage for an insured is impermissible under RCW 48.22.030.

Further, an examination of *Cammel v. State Farm Mut. Auto. Ins. Co., supra,* leads to the conclusion that exclusion (b) is invalid. In *Cammel,* two insureds were killed while occupying one of their three cars. Each car was insured through a separate policy, although the same insurer issued all three policies. Each policy contained uninsured motorist

coverage of $30,000 per accident for which separate premiums had been paid. The pro rata clause of the "'Other Insurance'" exclusion found in each policy limited the insurer's liability when the insured had other similar insurance available to him. The insurer asserted that under the pro rata clauses of the three policies its total liability was limited to $30,000, with each of the three policies contributing $10,000. We disagreed, and held that RCW 48.22.030 and RCW 48.18.130(2)[4] require the minimum uninsured motorist coverage of $15,000 per person and $30,000 per accident for each policy issued to the insured.

> The requirement of RCW 48.22.030 and RCW 48.18.130(2), that each automobile liability insurance policy issued in Washington shall offer uninsured motorist coverage of $15,000 per person and $30,000 per accident, is unambiguous and mandatory. A literal reading of the statute precludes any suggestion this requirement is satisfied by a single uninsured motorist coverage in these amounts when the injured person is insured under more than one policy applicable to the accident. We conclude, therefore, that the pro rata clause of the "Other Insurance" exclusion in each of the three policies violates RCW 48.22.030, and when the aggregate of all recoveries sought by the insured person or persons will not exceed their actual damages, is invalid and ineffective.

*Cammel v. State Farm Mut. Auto. Ins. Co., supra* at 267. Because the effect of exclusion (b) is to deny any coverage under FAI's policy, it necessarily violates RCW 48.22.030 and RCW 48.18.130(2) and must be held invalid.

The final question is whether the two uninsured motorist coverages in FAI's single policy may be combined so as to

---

[4]RCW 48.18.130(2) provides:

"(2) No insurance contract shall contain any provision inconsistent with or contradictory to any such standard provision used or required to be used, but the commissioner may, except as to the standard provisions of individual disability insurance contracts as required under chapter 48.20 RCW, approve any provision which is in his opinion more favorable to the insured than the standard provision or optional standard provision otherwise required. No endorsement, rider, or other documents attached to such contract shall vary, extend, or in any respect conflict with any such standard provision, or with any modification thereof so approved by the commissioner as being more favorable to the insured."

provide respondent with $30,000 in coverage under the single policy. The trial court concluded that the separability provision[5] in FAI's policy permitted respondent to combine the two coverages. FAI asserts that this court has already decided, in *Pacific Indem. Co. v. Thompson,* 56 Wn.2d 715, 355 P.2d 12 (1960), that a separability provision cannot be used to combine coverages within a single policy. Alternatively, FAI asserts that the limits–of–liability provision[6] in its policy precludes combining the two uninsured motorist coverages, because that provision limits FAI's liability to $15,000 under the one policy.

Although the *Thompson* case dealt with combining coverages under the primary liability section of an insurance contract and not under the uninsured motorist section, some courts have followed the reasoning of *Thompson* and have precluded the insured from combining uninsured motorist coverages when these coverages are contained in a single policy. *See Otto v. Allstate Ins. Co.,* 2 Ill. App. 3d 58, 275 N.E.2d 766 (1971); *Weemhoff v. Cincinnati Ins. Co.,* 41 Ohio St. 2d 231, 325 N.E.2d 239 (1975); and *Castle v. United Pac. Ins. Group,* 252 Ore. 44, 448 P.2d 357 (1968). Other courts have distinguished *Thompson* on the basis that uninsured motorist coverage is different in scope from primary liability coverage.

> The separability provision was held to merely render the policy applicable to whichever of the insured cars was involved in an accident. Those cases are not applicable to the issue at hand, however, due to the distinction between liability protection and uninsured motorist protection. The former is dependent on the insured being

---

[5]The separability provision provides, in part:

"(d) Two or more Automobiles. When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, . . ."

[6]The limits–of–liability provision provides, in part:

"6. Limits of Liability:

"(a) The limit of liability stated in the schedule as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident . . ."

found negligent in the operation of an insured vehicle. The latter—uninsured motorist coverage—arises from the insuring of a specific vehicle but recovery by the named insured is not dependent on his operating that vehicle.

*Jeffries v. Stewart,* 159 Ind. App. 701, 707, 309 N.E.2d 448, 452 (1974). *Accord, Employers Liab. Assurance Corp. v. Jackson,* 289 Ala. 673, 270 So. 2d 806 (1972), and *Great Cent. Ins. Co. v. Edge,* 292 Ala. 613, 298 So. 2d 607 (1874). We agree with these latter cases that the reasoning of *Thompson* is not applicable to the issue of combining uninsured motorist coverages. However, we need not rule on whether the separability provision requires the combining of uninsured motorist coverages, for we believe the limits–of–liability provision conflicts with the statutory policy of providing uninsured motorist coverage.

■ Respondent paid two premiums for uninsured motorist coverage and is entitled to the full protection which he has purchased. The form of protection should not control the limits of FAI's liability. If respondent had insured his two cars under two separate policies with FAI and paid uninsured motorist premiums for each car, he would be entitled to $30,000 in uninsured motorist coverage from FAI. *See Cammel v. State Farm Mut. Auto. Ins. Co.,* 86 Wn.2d 264, 543 P.2d 634 (1975). We do not believe the result should be different simply because his two cars are insured under one single policy. In either case, he has paid two premiums for uninsured motorist coverage and is entitled to $30,000 in coverage. *See Tucker v. Government Employees Ins. Co.,* 288 So. 2d 238 (Fla. 1973); *Sturdy v. Allied Mut. Ins. Co.,* 203 Kan. 783, 457 P.2d 34 (1969); *Citizens Mut. Ins. Co. v. Turner,* 53 Mich. App. 616, 220 N.W.2d 203 (1974); and *Cunningham v. Insurance Co. of North America,* 213 Va. 72, 189 S.E.2d 832 (1972).

There is an additional reason for our ruling that the number of uninsured motorist coverages on which an insured is entitled to rely is determined by the number of

premiums paid. Uninsured motorist coverage is not dependent on the insured occupying a vehicle named in the policy. *See, e.g., Cammel v. State Farm Mut. Auto. Ins. Co., supra,* and *Brummett v. Grange Ins. Ass'n,* 4 Wn. App. 979, 485 P.2d 88 (1971). In this present case, respondent is entitled to recover under his policy with FAI because uninsured motorist coverage protects an insured, even though he was not occupying a vehicle named in the policy. If we limit respondent's uninsured motorist coverage to $15,000, he will not have gained anything by paying the second premium, because the uninsured motorist premium which he paid for his first car would cover the $15,000. In effect, FAI will have gained a windfall by collecting the second premium.

We hold that the number of uninsured motorist coverages on which an insured is entitled to rely is determined by the number of premiums paid and not by the number of policies under which the cars are insured. Because the limits-of-liability provision in FAI's policy purports to limit coverage based on the number of policies issued to an insured and not on the number of premiums paid by the insured, the provision constitutes an invalid attempt by FAI to erode the amount of uninsured motorist coverage to which respondent is entitled. Respondent may combine the two uninsured motorist coverages so as to have $30,000 in uninsured motorist coverage under his policy with FAI.

We are not holding that FAI must pay $30,000 to respondent. The amount of FAI's liability will depend on the amount of respondent's damages, which are still to be determined. We are holding only that respondent is entitled to $30,000 in uninsured motorist coverage under his policy with FAI. *See State Farm Mut. Auto. Ins. Co. v. Bafus,* 77 Wn.2d 720, 466 P.2d 159 (1970).

The judgment of the Superior Court is affirmed.

WRIGHT, C.J., and ROSELLINI, STAFFORD, UTTER, BRACH-TENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.