[No. 44619. En Banc. January 12, 1978.]

AMERICAN STATES INSURANCE COMPANY, *Respondent,* v.
KIM E. MILTON, *Appellant.*

*McCormick, Hoffman, Rees & Arnold,* by *Paul Hoffman* and *Perry McCormick, Jr.,* for appellant.

*Merrick, Hofstedt & Lindsey,* by *James M. Lindsey, Jr.,* for respondent.

STAFFORD, J.—Kim Milton appeals a declaratory judgment limiting her uninsured motorist protection under the provisions of an automobile insurance policy issued by respondent American States Insurance Company. We reverse.

In 1973 respondent issued a policy of automobile liability insurance to appellant's father. The policy insured nine vehicles, seven commercial and two passenger. The policy provided uninsured motorist protection as required by statute,[1] but limited respondent's liability for such coverage to the statutory minimum of $15,000 per person and $30,000 per accident.[2]

---

[1] RCW 48.22.030 and RCW 48.18.130(2) required that each automobile liability insurance policy issued in Washington offer uninsured motorist coverage of $15,000 per person and $30,000 per accident.

[2] Respondent's limits–of–liability provision provides, in part:

"(a) The limit of liability stated in the schedule as applicable to 'each person' is the limit of the company's liability for all **damages** because of **bodily injury** sustained by one person as the result of any one accident and, subject to the above provision respecting 'each person', the limit of liability stated in the schedule as applicable to 'each accident' is the total limit of the company's liability for all **damages** because of **bodily injury** sustained by two or more persons as the result of any one accident."

Respondent charged nine premiums for the uninsured motorist protection: seven $5 premiums for the commercial vehicles and two $6 premiums for the passenger vehicles. The policy furnished the insured did not itemize the premium charges, although they were detailed in the copy retained by respondent.

During the time the policy was in force appellant was injured while driving an uninsured automobile owned by an uninsured motorist. A controversy arose over respondent's liability under the policy. Appellant contended she was entitled to $135,000 in uninsured motorist protection, or nine times the stated policy limits of $15,000 per person. The dispute was submitted to arbitration pursuant to the policy's uninsured motorist clause.

The arbitrator was asked to determine (1) whether the "accident" was covered by the policy; (2) whether appellant was entitled to recover; and (3) the amount of appellant's damages *without regard to the policy limits*. The parties stipulated that respondent's liability for uninsured motorist protection for one person insured under the policy would be resolved later by declaratory judgment. After finding the "accident" was covered by the policy and that appellant was entitled to recover, the arbitrator set her damages at $66,353.17, plus interest. These findings are unchallenged.

Respondent paid appellant $15,000 and thereafter brought this action for declaratory judgment seeking to limit its liability for uninsured motorist protection to the stated policy amount of $15,000 for one person. Appellant counterclaimed for the full amount of the arbitration award. The action resulted in a judgment limiting respondent's uninsured motorist liability to $15,000 and dismissing appellant's counterclaim. In fairness to the trial judge, we note that the action was tried prior to our decision in *Cammel v. State Farm Mut. Auto. Ins. Co.*, 86 Wn.2d 264, 543 P.2d 634 (1975).

Kim Milton appealed asserting that her uninsured motorist protection was $135,000 and thus she was entitled to the full amount of the arbitration award. In light of

*Cammel,* the Court of Appeals certified the action to this court. Following certification, but prior to hearing, we decided *Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 563 P.2d 815 (1977) which is fully dispositive of the issues raised by this appeal.

■ An insured is entitled to rely on the full uninsured motorist protection purchased. *See Federated Am. Ins. Co. v. Raynes, supra* at 445–47 and *Cammel v. State Farm Mut. Auto. Ins. Co., supra* at 267–71. As we stated in *Raynes* at page 448:

the number of uninsured motorist coverages on which an insured is entitled to rely is determined by the number of *premiums paid* and not by the number of *policies* under which the cars are insured.

(Italics ours.) Here, the insured paid nine premiums for uninsured motorist protection. Thus, appellant is entitled to maximum protection in the amount of $135,000, or nine times the stated policy amount of $15,000. The fact that appellant is insured under a single policy does not alter the result. *See Federated Am. Ins. Co. v. Raynes, supra* at 448.

Respondent argues that the policy's "limits–of–liability clause" effectively restricts appellant's uninsured motorist protection. We disagree. That clause is for all intents and purposes identical to the one which we invalidated in *Raynes.* It does not purport to limit coverage on the basis of premiums paid, and thus is an invalid attempt to erode the uninsured motorist coverage to which appellant is entitled.

Respondent next asserts that an insured must actually *rely* on separate premium payments in order to combine uninsured motorist coverages. It is said that the insured, and thus appellant, could not have relied on multiple coverages because the policy given the insured did not itemize the charges for such coverage. In *Raynes* we did not intend to suggest an insured must actually *rely* on separately itemized premium payments to be entitled to combine the uninsured motorist coverages. Rather, we held that an insured must receive the full protection for which he has

*actually paid.* Only by focusing upon actual payment by the insured is an insurer prevented from gaining a windfall from excess premiums for which no coverage is extended.

This does not mean respondent must pay appellant $135,000. Respondent is only responsible for those damages fixed by the arbitrator, *i.e.,* $66,353.17, plus interest. Respondent has paid only $15,000. Thus, we reverse the trial court and remand the cause with directions to enter judgment for appellant in the amount of $66,353.17 less the $15,000 paid by respondent, plus interest on the balance from the date of the arbitration award.

WRIGHT, C.J., and ROSELLINI, HAMILTON, UTTER, BRACH-TENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.