[No. 4830-6-III. Division Three. October 14, 1982.]

TRACY RODENBOUGH, *Appellant,* v. THE GRANGE INSURANCE ASSOCIATION, *Respondent.*

*Steven W. Hughes* and *Woodward & Hughes,* for appellant.

*Kenneth Kato* and *Huppin, Ewing, Anderson & Hergert,* for respondent.

GREEN, J.—Grange Insurance Association issued an automobile liability policy to Hugh and Ellen Rodenbough covering six automobiles. Separate premiums were paid for each of the six vehicles, a portion of which represented a separate charge for personal injury protection (PIP). Their daughter, Tracy, an insured under the policy, was injured while driving one of the insured automobiles and incurred medical expenses exceeding $60,000. A claim for this amount was denied by Grange Insurance because it considered $10,000 to be the policy limit. Tracy Rodenbough then brought this action to declare the PIP coverage limit of $10,000 be multiplied by the six automobiles insured under the policy. The trial court granted summary judgment in favor of Grange Insurance and ruled that the PIP coverage of $10,000 could not be aggregated. The correctness of this ruling presents the sole question on appeal.

The limit of liability for PIP coverage is stated in the policy endorsement:

*Regardless of the number of claims made or insured automobiles to which this insurance applies,* the Company's *liability* for AUTOMOBILE PERSONAL INJURY PROTECTION benefits is limited as follows:
1. The total amount payable by the Company to or on behalf of each injured person because of bodily injury sustained by such injured person in any one accident *shall not exceed* the sum of:
(a) *$10,000* for medical and hospital benefits . . .

(Italics ours.) Section IV(d) of the general insuring agreements in the policy provides:

> When two or more automobiles [are] insured hereunder, the terms of this policy shall apply separately to each
> . . .

It is urged that "stacking" of PIP coverage be allowed upon two grounds: (1) "Stacking" of uninsured motorist coverage permitted in this state, *Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 563 P.2d 815 (1977), should be extended to PIP coverage; and (2) the provisions quoted above create an ambiguity which should be construed against Grange Insurance. We decline to do so.

■ We do not find the reasons for combining uninsured motorist coverage applicable here. By statute minimum uninsured motorist coverage must be included in every automobile insurance policy, RCW 48.22.030, and no policy shall contain any provision inconsistent with the statute. RCW 48.18.130. Because of this statutory mandate, our courts have combined uninsured motorist coverage in policies insuring several automobiles for one insured. *Federated Am. Ins. Co. v. Raynes, supra; Cammel v. State Farm Mut. Auto. Ins. Co.,* 86 Wn.2d 264, 543 P.2d 634 (1975).[1] PIP coverage is not mandated by statute; it is a matter of contract. Hence, the policy considerations underlying the combining or "stacking" of uninsured motorist coverage are not applicable here.

Neither do we find an ambiguity. The endorsement is specific: "Regardless of the number of . . . insured automobiles . . . liability . . . shall not exceed . . . $10,000". The fact that this term "shall apply separately to each" insured automobile does not render the policy ambiguous. The separability "provision merely assures the applicability

---

[1]The continued viability of these decisions is questionable in light of the amendment to RCW 48.22.030 contained in Laws of 1981, ch. 150, § 1(5), p. 717:

"The limit of liability under the policy coverage may be defined as the maximum limits of liability for all damages resulting from any one accident regardless of the number of covered persons, claims made, or vehicles or premiums shown on the policy, or premiums paid, or vehicles involved in an accident."

of the policy to whichever car is involved in an accident . . . and does no more." *Pacific Indem. Co. v. Thompson,* 56 Wn.2d 715, 716, 355 P.2d 12 (1960).[2]

▇ It is argued we should allow "stacking" of PIP coverage because the insured paid six premiums; and, if we do not do so, it will result in a windfall to the company. We disagree. This court is not authorized to rewrite the contract; our task is to construe it. As noted in *Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 73, 549 P.2d 9 (1976):

> [I]t must be recognized that insurance policies are to be construed in accordance with the general rules applicable to all other contracts. The courts in construing the contract, must interpret them according to the intent of the parties. However, the court cannot rule out of the contract language which the parties thereto have put into it, nor can the court revise the contract under the theory of construing it, nor can the court create a contract for the parties which they did not make themselves, nor can the court impose obligations which never before existed. The terms of the policy must be understood in their plain, ordinary, and popular sense. Clear and unambiguous language is not to be modified under the guise of construing the policy.

(Citations omitted.) Moreover, had the Rodenboughs not purchased PIP coverage for each of the six vehicles, they would not have coverage for medical expenses resulting from an injury while occupying any one of the uninsured vehicles by reason of the following exclusion:

> This insurance does not apply:
>
> . . .
>
> (e) to the named insured or any relative while occupying any automobile owned by the named insured . . . and not insured for AUTOMOBILE PERSONAL INJURY PROTECTION;

---

[2]In *Pacific Indem. Co. v. Thompson, supra,* "stacking" of liability coverage was rejected under a policy insuring several vehicles.

Consequently, each additional premium purchased additional PIP coverage. Thus, the insured received additional coverage for each additional premium.

We are not unmindful that courts construing varying PIP provisions have reached different conclusions on the question of "stacking" PIP coverage. Some courts have allowed "stacking";[3] other courts have denied "stacking".[4] However, as the court noted in *Jeffries v. Stewart,* 159 Ind. App. 701, 710, 309 N.E.2d 448, 454 (1974), while permitting the "stacking" of PIP coverage:

> [T]he insurer could have resolved the ambiguity by providing that the $500 limit for each person was the limit of the company's liability for all medical expense incurred by each person, regardless of the number of autos covered by the policy.

Where policies contained this suggested language, "stacking" has been denied. *Carter v. Boston Old Colony Ins. Co.,* 581 F.2d 1123 (4th Cir. 1978); *Pettid v. Edwards,* 195 Neb. 713, 240 N.W.2d 344 (1976). Here, the suggested provision is contained in the Grange Insurance policy. It is specific and unambiguous. "Stacking" is therefore denied.

---

[3]*Kansas City Fire & Marine Ins. Co. v. Epperson,* 234 Ark. 1100, 356 S.W.2d 613 (1962); *Dyer v. Nationwide Mut. Fire Ins. Co.,* 276 So. 2d 6 (Fla. 1973); *Government Employees Ins. Co. v. Sweet,* 186 So. 2d 95 (Fla. Dist. Ct. App. 1966); *Easley v. Firemen's Ins. Co.,* 372 So. 2d 1067 (La. Ct. App. 1979); *Shea v. United Servs. Auto. Ass'n,* 120 N.H. 106, 411 A.2d 1118 (1980); *Woods v. Nationwide Mut. Ins. Co.,* 295 N.C. 500, 246 S.E.2d 773 (1978); *Virginia Farm Bur. Mut. Ins. Co. v. Wolfe,* 212 Va. 162, 183 S.E.2d 145 (1971); *Central Sur. & Ins. Corp. v. Elder,* 204 Va. 192, 129 S.E.2d 651 (1963).

[4]*Carter v. Boston Old Colony Ins. Co.,* 581 F.2d 1123 (4th Cir. 1978); *United Servs. Auto. Ass'n v. Smith,* 57 Ala. App. 506, 329 So. 2d 562 (1976); *Sullivan v. Royal Exch. Assur.,* 181 Cal. App. 2d 644, 5 Cal. Rptr. 878 (1960); *Guillory v. Grain Dealers Mut. Ins. Co.,* 203 So. 2d 762 (La. Ct. App. 1967); *Pettid v. Edwards,* 195 Neb. 713, 240 N.W.2d 344 (1976); *Eckert v. Green Mt. Ins. Co.,* 118 N.H. 701, 394 A.2d 55 (1978); *Polland v. Allstate Ins. Co.,* 25 A.D.2d 16, 266 N.Y.S.2d 286 (1966); *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.,* 276 N.C. 348, 172 S.E.2d 518 (1970).

142

Affirmed.

McINTURFF, C.J., and ROE, J., concur.