**Gary LIEN and Margaret Lien, husband and wife, Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, an Illinois corporation, Defendant.**

**No. C85–1527D.**

United States District Court, W.D. Washington, at Seattle.

Jan. 23, 1986.

Ronald Castleberry, Williams, Novack & Hansen, Everett, Wash., for plaintiffs.

Bruce T. Bjerke, Don Curie, Riddell, Williams, Bullitt & Walkinship, Seattle, Wash., for defendant.

## MEMORANDUM AND ORDER

DIMMICK, District Judge.

This action is brought under the Court's diversity jurisdiction and concerns a challenge to the underinsured vehicle coverage limits on automobile insurance purchased by Gary and Margaret Lien from Allstate Insurance Company ("Allstate"). Both parties have moved for summary judgment on an issue governed by Washington law. After consideration of the memoranda and affidavits submitted by counsel, the Court grants Allstate's motion.

It is undisputed that plaintiffs, the Liens, purchased from Allstate an automobile insurance policy for their three separate automobiles. The policy coverage for underinsured vehicles was $50,000 per person and $100,000 total per accident for each vehicle. Premium costs were allocated separately for each vehicle on the single policy. The renewal statement for the period September 20, 1981 to March 20, 1982, shows underinsured coverage as costing $10.50 for a Datsun, $8.50 for a Chevrolet and $8.50 for an International. On February 24, 1982, the Liens were both injured in an automobile accident involving their 1975 Datsun.

Allstate refused to compensate the Liens for their injuries. Pursuant to a provision in the policy, the Liens sought arbitration of their underinsured vehicle claim. The arbitrators found for Mrs. Lien in the amount of $160,238 and for Mr. Lien in the amount of $10,000.

Allstate paid $10,000 to Mr. Lien, but offered only $50,000 to Mrs. Lien, relying on the underinsured vehicle limitation in the policy. The Liens then filed their complaint seeking a judgment for $150,000 (aggregating the individual policy limits for the three automobiles). Subsequently, Allstate and the Liens reached a partial settlement, with Mrs. Lien receiving payment of $50,000 and the Liens dropping their claim under the Washington Consumer Protection Act, RCW 19.86. Under the settlement terms, the Liens' claim for the remaining $100,000 continued.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The initial burden of showing the absence of material facts rests on the proponent of a summary judgment motion. Once that burden is met, the opponents must counter with specific factual allegations revealing a genuine dispute of fact to preclude summary disposition. *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404–05 (9th Cir.1985).

The Liens insist that the court must address questions of fact in order to grant Allstate's motion for summary judgment. The allegedly disputed facts involve (1) an affidavit from Gregory J. Ciezadlo, actuary for Allstate, and (2) a question raised by William Tri, attorney for plaintiff, referring to a letter from Richard Johnson and to an attached "amendatory endorsement."

Neither of these is an impediment to summary judgment. The Ciezadlo affidavit states that the premium rates charged to the Liens reflect a limit on the risk of injury from an underinsured motorist and do not reflect "stacking" (multiplying the limits of liability for each car that is insured). The Liens dispute this factual conclusion, but offer no evidence. Moreover, the Ciezadlo affidavit is not necessary to the Court's decision. As to the "amend-

atory endorsement," its relevance is unclear. More importantly, Allstate presents an affidavit asserting that the endorsement did not exist at the time of the accident and was not a part of the Liens' insurance. The Liens simply do not present competent evidence to rebut Allstate's statements. The Court's decision can be based on the language of the Liens' policy and application of Washington law.

■ The issue is whether the terms of the Liens' insurance policy provide for stacking the individual $50,000 limitations so as to reach a maximum of $150,000 for damages sustained by Margaret Lien. A sub-issue is whether the Liens should have to bear half the expense of arbitration, totaling $2,700.

Plaintiffs' argument is that public policy supports stacking for underinsured vehicle coverage (UVC) and that the Allstate policy failed to repeat the language of RCW 48.-22.030(5) applying to limitations:

> The limits of liability under the policy coverage may be defined as the maximum limits of liability for all damages resulting from any one accident regardless of the number of covered persons, claims made, or vehicles or premiums shown on the policy, or premiums paid, or vehicles involved in an accident.

The Allstate policy section limiting liability reads as follows:

> *Limits of Liability.*
>
> (a) The limit of liability stated in the declarations as applicable to "each person" is the limit of Allstate's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declaration as applicable to "each accident" is the total limit of Allstate's liability for all damages, including damages for care or loss of services, because of

bodily injury sustained by two or more persons as the result of any one accident.

> However, the maximum limits of liability stated above are the maximum limits of liability for all damages because of bodily injury sustained by one person, and by more than one person, in one accident, regardless of the number of claims made, vehicles or persons shown in the declarations or vehicles involved in an accident.

Thus, the Liens argue that the policy limitation is defective because it does not refer to limitations regardless of "premiums shown on the policy, or premiums paid." They argue that this creates an ambiguity, which must be resolved in favor of the insured. *See Witherspoon v. St. Paul Fire & Marine Ins. Co.*, 86 Wash.2d 641, 649, 548 P.2d 302 (1976); *United States v. Nationwide Mutual Ins. Co.*, 499 F.2d 1355 (9th Cir.1974) (interpreting Washington law).

Plaintiffs rely on Washington cases favoring stacking of liability limits for separate vehicles. *American States Ins. Co. v. Milton*, 89 Wash.2d 501, 573 P.2d 367 (1978); *Federated American Ins. Co. v. Raynes*, 88 Wash.2d 439, 563 P.2d 815 (1977); *Cammel v. State Farm Ins.*, 86 Wash.2d 264, 543 P.2d 634 (1975). In *Cammel*, the court considered a limitation on cumulative coverage to be unreasonable when the covered persons had paid for separate uninsured motorist coverage for each automobile. *Cammel*, 86 Wash.2d at 266, 270, 543 P.2d 634. Similarly, in *Raynes*, the court reasoned that the payment of two premiums for two separate cars under one policy entitled the insured to the limits of uninsured coverage for each. *Raynes*, 88 Wash.2d at 447–48, 563 P.2d 815. In *Milton*, the court held that the payment of nine premiums under a single policy entitled a covered party to a maximum of "nine times the stated policy amount" for each vehicle. *Milton*, 89 Wash.2d at 501, 573 P.2d 367.[1]

---

[1.] Plaintiff also relies on recent Washington Court of Appeals cases: *Abshere v. Prudential Ins. Co.*, 38 Wash.App. 1, 683 P.2d 625 (1984); *Thompson v. Grange Ins.*, 34 Wash.App. 151, 660 P.2d 307 (1983); *Rodenbough v. Grange Ins. Ass'n*, 33 Wash.App. 137, 652 P.2d 22 (1982).

The Washington Supreme Court, however, has since recognized that amendment of RCW 48.22.030 overrules its earlier decisions. *Miller's Casualty Ins. Co. of Texas v. Briggs,* 100 Wash.2d 1, 665 P.2d 891 (1983). *Briggs* was an interpleader action brought by an insurance company to determine the limits of liability under a policy covering a vehicle in which passengers were injured. The policy excluded the insured vehicle from the definition of an underinsured vehicle. While not addressing the same statutory language at issue in this case, the *Briggs* court acknowledged the effect of legislative amendments in RCW 48.22.030(5) and (6). Recognizing that RCW 48.22.030 requires insurers to offer underinsured vehicle coverage, the court said:

> This coverage, like uninsured motorist coverage, is a first-party coverage that individuals may purchase to protect themselves against other drivers. Additionally, the statute allows insurers to include provisions limiting coverage to liability for one accident regardless of the number of persons or vehicles involved and provisions preventing an injured person from stacking policies. RCW 48.22.030(5) and (6). These statutory exceptions implicitly overrule two of our rulings interpreting the uninsured statute. [*Citing Raynes* and *Cammel.*]

*Briggs,* 100 Wash.2d at 4, 665 P.2d 891. Thus, this Court concludes that the reference to premiums paid in *Cammel, Raynes* and *Milton* is not significant in light of *Briggs.* It becomes a matter of determining the meaning of the contract limitations.

Under Washington law, "a contract of insurance should be given a fair, reasonable, and sensible construction, consonant with the apparent object and intent of the parties, a construction such as would be given the contract by the average man purchasing insurance". *Morgan v. Prudential Insurance Company of America,* 86 Wash.2d 432, 434, 545 P.2d 1193 (1976).

The following language in the Liens' policy is susceptible of but one interpretation—the maximum underinsured coverage for Mrs. Lien's injuries is $50,000.

> [T]he maximum limits of liability stated above are the maximum limits of liability for all damages because of bodily injury sustained by one person and by more than one person, in one accident, regardless of the number of claims made, vehicles or persons shown in the declarations or vehicles involved in an accident.

■ One additional issue remains: plaintiffs contend that as prevailing parties in arbitration, they should not be responsible for arbitration fees. The arbitration clause in the insurance contract follows:

> *Arbitration.* If any person making claim hereunder and Allstate do not agree that such person is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle because of bodily injury or property damage to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, upon demand of either, the matter or matters upon which such person and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and Allstate each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage.

None is directly on point as to the issue in this case. Both the *Abshere* and *Thompson* courts held that a person insured only by reason of his riding in an insured vehicle at the time of the accident cannot "stack" policy coverage on different vehicles. But the Court of Appeals in both cases did discuss the public policy favoring stacking of UVC. In *Rodenbough,* the court held that stacking did not apply to personal injury coverage. The court, however, noted the public policy distinction between voluntary personal injury coverage and mandatory UVC. The language of *Abshere, Thompson* and *Rodenbough* which supports the Liens' position is dicta. It is unpersuasive to this Court in light of the Washington Supreme Court's decision in *Miller's Casualty Insurance Co. of Texas v. Briggs,* 100 Wash.2d 1, 665 P.2d 891 (1983).

The contract makes no reference to who bears the cost of arbitration. Allstate, however, submitted the rules of the American Arbitration Association ("AAA") in effect at the time the contract was signed. The Liens do not dispute their existence. Under paragraph 33 of those rules, the parties bear general expenses equally unless they agree otherwise.

Nonetheless, the Liens argue that they could not be expected to know the rules of the AAA or that there were costs to them even if they prevailed in arbitration. They argue under a theory of disallowing adhesion contracts and construing ambiguous contracts to benefit the insured. *See Witherspoon, supra* and *Blakely v. Housing Authority*, 8 Wash.App. 204, 212–13, 505 P.2d 151 (1973).

In addition, the Liens' attorney attests to a number of instances during arbitration when the rules of the AAA were not followed. Allstate's attorney counters by unchallenged affidavit that the attorney representing the Liens knew from previous experience of the AAA's cost sharing arrangements for arbitration and voiced no objections to either the shared costs or a failure to follow the rules.

Here, again, the terms of the contract control. Furthermore, argument of ambiguity was waived by the Liens' initiation of arbitration and participation without objection.

THEREFORE, defendant Allstate's motion for summary judgment is GRANTED.

The Clerk of the Court is instructed to enter judgment accordingly and to send copies of this Order. to all counsel of record.