[No. 21828-0-I.   Division One.   February 20, 1990.]

HAROLD DOSS, ET AL, *Respondents,* V. STATE FARM
INSURANCE COMPANY, *Appellant.*

*Harold C. Fosso* and *Julin, Fosso, Sage, McBride & Mason,* for appellant.

*James Hailey* and *Schroeter, Goldmark & Bender,* for respondents.

Swanson, J.—State Farm Insurance Company (State Farm) appeals from an order invalidating an exclusionary clause in the uninsured motorist section of an insurance policy issued to the respondents Harold and Deeann Doss. The facts are undisputed.

On August 7, 1980, State Farm issued a policy of automobile insurance that named respondents Harold and Deeann Doss as insureds. The listed vehicle was a 1967 Dodge van owned by Emma Doss. The effective dates of the policy were August 7, 1980, to February 7, 1981. Section III of the policy, which set forth the terms of uninsured motorist coverage, excluded coverage

2. For *Bodily Injury* to an *Insured*:
a. While *Occupying,* or
b. Through being struck by a motor vehicle owned by *you, your spouse* or any *relative* if it is not insured for this coverage under this policy.

On September 30, 1980, an uninsured motorist struck the motorcycle that Harold Doss was driving, injuring the Dosses. The motorcycle was owned by the Dosses but was not insured by State Farm. State Farm denied the Dosses' claim for coverage under the policy's uninsured motorist provisions.

On September 30, 1986, the Dosses filed a complaint to compel arbitration. On January 4, 1988, State Farm moved for summary judgment, arguing that uninsured motorist coverage for insureds operating motorcycles was not required by state law. By order entered February 1, 1988,

the trial court denied State Farm's summary judgment motion. Relying on *Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 563 P.2d 815 (1977) and *Touchette v. Northwestern Mut. Ins. Co.,* 80 Wn.2d 327, 494 P.2d 479 (1972), the trial court held that the exclusionary clause in the Dosses' uninsured motorist coverage violated public policy and was therefore unenforceable.

The sole issue on appeal is State Farm's contention that the validity of the exclusionary clause in the Dosses' uninsured motorist coverage is governed by the date on which the 1980 amendments to RCW 48.22.030 were enacted, *i.e.,* March 10, 1980, not the express effective date established by the amendments themselves, which was September 1, 1980. State Farm has not identified any other policy provisions that affect the existence of coverage; nor do the Dosses argue that coverage exists even if the exclusionary clause is valid.

At the time the Dosses' policy was issued on August 7, 1980, RCW 48.22.030 provided in pertinent part:

> On and after January 1, 1968, no new policy or renewal of an existing policy insuring against loss resulting from liability imposed by law for bodily injury or death . . . arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued . . . unless coverage is provided therein . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . except that the named insured may be given the right to reject such coverage . . ..

In *Touchette v. Northwestern Mut. Ins. Co.,* 80 Wn.2d 327, 494 P.2d 479 (1972), our Supreme Court held that public policy underlying uninsured motorist coverage, as manifested in the terms of RCW 48.22.030, governs the express provisions of an insurance contract. In *Touchette,* the son of the named insured was injured in an accident involving an uninsured motorist. The son, who was an insured under the terms of his father's policy, was driving his own car, which was not listed on the policy. Rejecting the insurer's contention that an exclusionary clause comparable to that

at issue here[1] precluded coverage, the court held that the public policy underlying RCW 48.22.030 negated any attempt by an insurer to restrict the meaning of insured for purposes of uninsured motorist coverage beyond the meaning of the term under the primary liability section of the policy.

In *Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 563 P.2d 815 (1977), the court invalidated another exclusionary clause similar to the one at issue here[2] that attempted to deny uninsured motorist coverage to an insured who was occupying an owned vehicle that was not listed on the policy. In *Raynes,* the insured was injured while driving his motorcycle. The insured had two cars insured under his policy, but his motorcycle was insured with another company that was not a party to the lawsuit.

After again reviewing the public policy underlying RCW 48.22.030, the court noted that uninsured motorist coverage was intended for the protections of *persons* insured under the policy. The court further explained:

> Respondent is the named insured in [the] policy. [The exclusion] does not narrow the definition of insured so as to exclude respondent from being an insured under the policy. Rather, the exclusion merely excludes coverage when the insured is injured in a certain situation, *i.e.,* occupying a car owned by him but not insured by [the insurer]. This attempt to exclude coverage for an insured is impermissible under RCW 48.22.030.

*Raynes,* at 444. State Farm does not maintain that *Raynes,* if applicable, is not controlling. Rather, State Farm asserts

---

[1] The *Touchette* exclusion precluded coverage under the uninsured motorist section of the policy for "bodily injury to an Insured while occupying an automobile (other than an insured automobile) owned by the named Insured or a relative, or through being struck by such an automobile . . .". *Touchette,* at 330.

[2] The *Raynes* exclusion precluded coverage under the uninsured motorist section of the policy for "bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by such an automobile, but this exclusion does not apply to the principal named insured or his relatives while occupying or if struck by an automobile owned by an insured named in the schedule or his relatives." *Raynes,* at 441 n.1.

that *Raynes* was implicitly overruled by the *enactment* of the amendments to RCW 48.22.030 in March 1980.

In 1980, the Legislature substantially amended RCW 48.22.030. *See* Laws of 1980, ch. 117, § 1, p. 361. Among other changes, the Legislature required insurers to offer both uninsured and underinsured motorist coverage and permitted insurers to include provisions preventing the "stacking" of policies. As amended, RCW 48.22.030(2) provided

> No new policy or renewal of an existing policy insuring against loss resulting from liability imposed by law for bodily injury . . . arising out of the ownership, maintenance, or use of a motor vehicle shall be issued . . . unless coverage is provided therein . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles . . . *except while operating or occupying a motorcycle or motor–driven cycle, and except while operating or occupying a motor vehicle owned or available for the regular use by the named insured or any family member, and which is not insured under the liability coverage of the policy.*

(Italics ours.) The 1980 amendments implicitly overruled *Raynes. See Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 1, 4, 665 P.2d 891 (1983).

As amended, RCW 48.22.030(2) permits the type of exclusionary provision invalidated in *Touchette* and *Raynes* and at issue here. The effective date of the 1980 amendments, however, was September 1, 1980, after issuance of the Dosses' policy. *See* Laws of 1980, ch. 117, § 8.

■■ Our Supreme Court, relying on the express terms of RCW 48.22.030(2) as amended pertaining to the issuance of "new" policies and the "renewal" of existing policies, held that the 1980 amendments cannot be given retroactive effect. *Britton v. Safeco Ins. Co. of Am.,* 104 Wn.2d 518, 527–28, 707 P.2d 125 (1985). *Britton* involved the validity of an uninsured/underinsured motorist endorsement that provided for the setoff of disability benefits from compensation otherwise available under the policy. The court's analysis depended on the applicability of the pre– or post–

1980 version of RCW 48.22.030. The court identified September 1, 1980, as the critical date and noted that the 1980 underinsured motorist statute would be read into the coverage "*if* the endorsement or policy in which it is contained was issued or renewed *after* the September 1, 1980 effective date . . . ". *Britton,* at 528. Because the record was silent as to the policy's date of issue, the *Britton* court remanded for a factual hearing.

In order to avoid the holding of *Britton* and the express effective date of the 1980 amendments to RCW 48.22.030, State Farm asserts, without citation to authority, that

> [t]he fact that the insurance policy in question was issued before the effective date .[of the 1980 amendments] is irrelevant. Several months before the insurance policy was issued, a new "public policy" had been declared; namely, that motorcycles are no longer covered vehicles unless specifically described in the insurance contract.

Reply Brief of Appellant, at 4. The "public policy" at issue, however, is not some separate expression by the Legislature, but that manifested in the terms of the statute itself. The statute itself specifies the effective date.

> The legislature, in the absence of constitutional restraint, may fix any time in the future as the time when a statute shall become effective. It is a cardinal rule that a statute passed to take effect at a later date speaks from the time it becomes operative and not from the time of its passage.

(Citation omitted.) *Hallin v. Trent,* 94 Wn.2d 671, 676, 619 P.2d 357 (1980) (quoting *Yelle v. Kramer,* 83 Wn.2d 464, 478, 520 P.2d 927 (1974)).

State Farm, also without citation to authority, claims that it is not asking this court to read the 1980 amendments into the Dosses' policy but only that we "consider" the new "public policy" declared by the Legislature at the date of the enactment of the 1980 amendments. However, the exclusionary clause in the Dosses' policy is clear and not in need of "interpretation." For this court to "consider" the 1980 amendments in connection with the Dosses' policy would essentially require judicial revision of the statute's express effective date.

Because the Dosses' policy was issued prior to the effective date of the 1980 amendments to RCW 48.22.030 and because the 1980 amendments may not be applied retroactively, the validity of the exclusionary clause is governed by former RCW 48.22.030. Under *Raynes,* the clause is unenforceable.

State Farm's reliance on *Sowa v. National Indem. Co.,* 102 Wn.2d 571, 688 P.2d 865 (1984), *Farmers Ins. Co. v. Clure,* 41 Wn. App. 212, 702 P.2d 1247 (1985), and *Briggs v. Thielen,* 49 Wn. App. 650, 745 P.2d 523 (1987), *review denied,* 110 Wn.2d 1020 (1988), is misplaced. All of these cases involved interpretation of post–1980 versions of RCW 48.22.030.[3]

Judgment affirmed.

GROSSE, A.C.J., and DEIERLEIN, J. Pro Tem., concur.

---

[3]State Farm also maintained that the 3–year tort statute of limitations rather than the 6–year contracts statute of limitations applies to the Dosses' action. This issue has now been resolved adversely to State Farm in *Safeco Ins. Co. v. Barcom,* 112 Wn.2d 575, 773 P.2d 56 (1989).