[No. 6518–5–II.   Division Two.   June 27, 1984.]

JAMES ABSHERE, ET AL, *Respondents,* v. THE PRUDENTIAL
INSURANCE COMPANY, *Appellant.*

*William J. Rush,* for appellant.

*Samuel H. Pemberton, Jr.,* for respondents.

WORSWICK, J.—In February 1980, James Abshere was a passenger in a Datsun pickup owned and driven by Douglas Passey, Jr. Abshere was severely injured when a car driven by an uninsured motorist struck the Datsun. Passey had uninsured motorist coverage for both the Datsun and an Opel under a single policy issued by Prudential Property & Casualty Insurance Co. The UMC on each car amounted to $50,000 per person and $100,000 per accident.

Prudential paid Abshere $50,000, contending that this was the limit he was entitled to under the Datsun coverage. Abshere then brought this declaratory judgment action, asking the court to declare that he was entitled to stack the UMC for both the Datsun and Opel. The trial court agreed, and granted his motion for summary judgment.[1] The sole issue is whether the trial court erred in concluding that Abshere is entitled to stack UMC provided by Passey's policy where the policy extends coverage to Abshere only as an occupant of the car and not as a named insured. We reverse, holding that Abshere is not entitled to stack coverage.

 Two recent Washington cases settle this issue. *Thompson v. Grange Ins. Ass'n,* 34 Wn. App. 151, 660 P.2d

---

[1]There are no disputed material facts. The parties only disagree about the trial court's conclusion of law. Summary judgment was a proper disposition of the case. *Olympic Fish Prods., Inc. v. Lloyd,* 93 Wn.2d 596, 611 P.2d 737 (1980).

307 (1983) and *Continental Cas. Co. v. Darch,* 27 Wn. App. 726, 620 P.2d 1005 (1980) both hold that where a person is an insured only when occupying an insured vehicle, he cannot stack UMC for vehicles he was not riding in at the time of the accident. Abshere is such a person.

Passey's policy defines "insured" for purposes of UMC as follows:

> You are insured under this part, as well as any relative living in your household, anyone occupying a car covered under this part or anyone as to damages he or she might be entitled to receive because of injury to one of these persons.
>
> . . . Throughout this policy, when we refer to "you," we mean you, the person shown as the named insured on the Declarations Page of this policy, and your spouse, if he or she lives in your household.

This language plainly makes Abshere an insured for UMC only because of his occupancy of an insured vehicle. However, we cannot stop here, but must also consider the definition of an insured for purposes of liability coverage. This is so because the definition of insured for UMC cannot be narrower than that definition for other coverages. *Rau v. Liberty Mut. Ins. Co.,* 21 Wn. App. 326, 585 P.2d 157 (1978).

> The liability section of Passey's policy provides, in part:
>
> You and any relative living in your household are insured while occupying a car covered under this part. If you die in a car accident, any relative who was living in your household at the time the accident occurred is insured under this part.
>
> . . .
>
> Other people are insured while occupying a car covered under this part if it is being used by you, by a relative living in your household, or by anyone you have given permission to use it.

Abshere is not an insured under this coverage. He is not a named insured or a relative of a named insured. Therefore, he qualifies as an insured for UMC only by virtue of occupying a car covered by the policy, *i.e.,* the Datsun. *See Continental Cas. Co. v. Darch,* 27 Wn. App. at 729. He may

not stack the Opel coverage.

Abshere attempts to distinguish *Thompson* and *Darch* by arguing that both involved commercial fleets and not, as here, ordinary family cars. We disagree. Although both cases did involve commercial fleets, that was not the basis for the holdings. The *Darch* court denied stacking because: (1) the insurance policy did not grant Darch the right to stack UMC, and (2) the public policy behind stacking did not apply to Darch. *Continental Cas. Co. v. Darch,* 27 Wn. App. at 729–30. Although the commercial character of the vehicles was mentioned in *Darch,* that was not the ratio decidendi. *Cf. American States Ins. Co. v. Milton,* 89 Wn.2d 501, 573 P.2d 367 (1978) (named insured permitted to stack UMC for seven commercial vehicles and two private vehicles). No such language appears in *Thompson.*

■ Abshere claims that the insurance policy does not differentiate between the named insured and other insureds as far as benefits are concerned, and therefore all insureds are entitled to stacking. We disagree. The policy itself says nothing about stacking. Consequently, neither the named insured nor other insureds may rely on it as the primary source for the right to stack UMC. *See Thompson v. Grange Ins. Ass'n,* 34 Wn. App. at 157–59.[2]

Abshere contends that there is a broad public policy con-

---

[2]At oral argument, counsel for Abshere claimed the UMC definition of "insured" is ambiguous. The language at issue provides:

> You are insured under this part, as well as any relative living in your household, *anyone occupying a car covered under this part* or anyone as to damages he or she might be entitled to receive because of injury to one of these persons.

(Italics ours.) Counsel contended that the italicized language and the lack of differentiation elsewhere in the policy between named insureds and nonnamed insureds creates an ambiguity as to the extent of a nonnamed insured's coverage. We disagree. The UMC definition of "insured" is not ambiguous, *i.e.,* capable of being understood in one of two or more senses. *Oak Bay Properties, Ltd. v. Silverdale Sportsman's Ctr., Inc.,* 32 Wn. App. 516, 648 P.2d 465 (1982). The language does not extend coverage to Abshere as a nonoccupant of other cars scheduled in the policy. Rather, it extends a single coverage to him as the occupant of one of the two insured cars. *Continental Cas. Co. v. Darch,* 27 Wn. App. at 729.

cerning private vehicle insurance to allow "full recovery" (stacking) to all insureds regardless of what car the "insured" was in at the time of the accident. We disagree.

The public policy behind stacking UMC is to provide coverage for which the named insured has paid a premium. *See American States Ins. Co. v. Milton, supra; Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 563 P.2d 815 (1977); *Cammel v. State Farm Mut. Auto. Ins. Co.,* 86 Wn.2d 264, 543 P.2d 634 (1975). The policy is not, as Abshere argues, to allow more generous recovery for those injured in family vehicles as opposed to commercial vehicles.[3] As we stated in *Thompson v. Grange Ins. Ass'n,* 34 Wn. App. at 159:

> *Milton, Raynes,* and *Cammel,* cases that allowed stacking, all dealt with insureds who were covered under uninsured motorist provisions regardless of whether they were in an insured vehicle. If stacking were not allowed in such cases, any additional UMC premiums paid by an insured of the first class would offer him no additional protection. By contrast, because Thompson was an insured only because he occupied an insured vehicle, the additional UMC premium paid to cover that vehicle gave him the coverage he otherwise would not have had. Because a quid pro quo already exists, public policy does not require stacking.

This is precisely the situation here. Because Abshere was an insured only by virtue of occupying an insured vehicle, the additional UMC premium paid to cover that vehicle gave him the coverage he otherwise would not have had.

Abshere claims that Prudential will receive a windfall if he is not allowed to stack UMC, because the company has collected a premium for the Opel but does not have to pay benefits for that car. We disagree.

The UMC premium for the Opel purchased single cover-

---

[3]The distinction Abshere advocates is unsound. In both the commercial and private context, UMC is designed to provide coverage for bodily injury to *people.* An injured person's right to stack UMC should not be predicated on the fortuitous circumstance that he was injured while driving a private vehicle as opposed to a commercial one. Rather, the right to stack additional coverage is predicated on the payment of premiums for that coverage. *See, e.g., American States Ins. Co. v. Milton, supra.*

age for nonnamed insureds who are injured while riding in that car. The premium also purchased additional coverage that only Passey as the named insured could stack under this policy and the law as it existed at the time of this accident. *See Thompson v. Grange Ins. Ass'n,* 34 Wn. App. at 159; *Continental Cas. Co. v. Darch,* 27 Wn. App. at 730–31. It does not follow that, because Abshere was not injured while riding in the Opel and therefore did not satisfy the conditions for UMC coverage for that car, Prudential received a windfall, or that a premium was paid for which no benefit was received.

Finally, Abshere contends *Bradbury v. Aetna Cas. & Sur. Co.,* 19 Wn. App. 66, 573 P.2d 395 (1978), *aff'd,* 91 Wn.2d 504, 589 P.2d 785 (1979) entitles him to stacking. We disagree. *Bradbury* did not deal with the issue presented here. The issue in *Bradbury* was whether *Cammel v. State Farm Mut. Auto. Ins. Co., supra,* should be applied retroactively to negate otherwise valid releases or settlement agreements. *Bradbury v. Aetna Cas. & Sur. Co.,* 19 Wn. App. at 67, 70. *Cammel* did not involve an attempt by a nonnamed insured to stack the named insured's UMC.

Reversed.

PETRICH, C.J., and PETRIE, J., concur.

Review denied by Supreme Court September 21, 1984.