236 So.2d 521 (1970)
Alvin Edwin LONG and his Wife, Mrs. Alvin E. Long
v.
The UNITED STATES FIRE INSURANCE CO., the Hanover Insurance Company and Calvin D. Johnston.
No. 4014.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1970.
Rehearing Denied July 6, 1970.
*522 David Gertler, Shirley Ann Basile, New Orleans, for plaintiffs-appellees.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, for defendant-appellant.
Before REGAN, BARNETTE and SWIFT, JJ.
REGAN, Judge.
The plaintiffs, Mr. and Mrs. Alvin E. Long, filed this suit against the defendants, Calvin D. Johnston, the Hanover Insurance Company, and the United States Fire Insurance Company, endeavoring to recover damages in the amount of $251,795.00 for the wrongful death of their daughter, Sandra P. Long. They assert that Johnston was guilty of negligence in causing the collision; that the Hanover Insurance Company is liable to them under the uninsured motorist provision of the policy which it wrote in favor of Gaston J. Abadie, the driver of the vehicle in which Miss Long was a guest passenger at the time of her death; and that the United States Fire Insurance Company, their own uninsured motorist liability insurer, is liable to them under their policy of insurance for the death of their daughter.
The defendants answered, denied liability, and filed innumerable cross pleadings which are not relevant to this appeal.
The lower court rendered judgment against Calvin D. Johnston in the amount of $75,000.00, against Hanover Insurance Company in the sum of $5,000.00, and against United States Fire Insurance Company for $5,000.00.
From that judgment, only the United States Fire Insurance Company has prosecuted this appeal.
The record discloses that the plaintiffs' daughter was killed while riding as a guest passenger in an automobile driven by one Gaston J. Abadie. The lower court found that the fatal collision was caused by the negligence of the defendant, Johnston, in speeding against traffic without headlights while intoxicated. There is no question that Johnston's negligence was the proximate cause of the fatal accident and that he was an uninsured motorist. Thus, the uninsured motorist carrier of the Abadie vehicle, Hanover Insurance Company, is undisputably liable to the plaintiffs to the extent of its $5,000.00 policy limits.
The only question posed herein for our consideration is whether the "excess coverage" provision contained in the uninsured *523 motorist coverage of the policy written in favor of the plaintiffs by the United States Fire Insurance Company is valid and enforceable against them so as to preclude their recovery of the full amount under both the Hanover policy and the plaintiffs' policy for the death of their daughter.
The excess of "other insurance" provision of the uninsured motorist coverage reads as follows:
"With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."
The lower court ruled that the "insurance" clause of this policy was not valid and consequently rendered judgment against the United States Fire Insurance Company despite vigorous argument to the contrary by this insurer's counsel. In support of the validity of the excess coverage, the defendant insurer relies on the rationale emanating from cases decided in the First and Third Circuit Courts of Appeal. The cases referred to are LeBlanc v. Allstate Insurance Company,[1] Courville v. State Farm Mutual Automobile Insurance Company,[2] and Lott v. Southern Farm Bureau Casualty Insurance Company,[3] all of which support the defendant's contention, and reason that an excess insurance provision like the one at issue herein is valid and precludes recovery under the uninsured motorist coverage of the insurer who enjoys, and we say that advisedly, the position of being the "excess" insurer.
On the other hand, the plaintiffs insist and endeavor to rationalize very eloquently and quite ingeniously that the LeBlanc case, upon which the other two decisions are based, was predicated upon an unsound stipulation of counsel which precluded the Court from reaching any other result. As such, they contend that the rationale of this decision and of the Supreme Court's refusal of writs on the question of law posed thereby should be circumscribed by its own facts and should be utterly disregarded by us. Plaintiffs also endeavor to discredit the opinion in the LeBlanc case by pointing out that it misstated the number of states reaching a similar conclusion as representing the majority rule, when in fact the result thereof is more in line with the minority rule of other states. The plaintiffs finally argue that the Lott case should be ignored because it blindly follows the incorrect rationale of the LeBlanc decision. In other words, the plaintiffs ultimately insist that the Court placed the law upon the judicial anvil and hammered it into a most unexpected shape.
We are convinced, after an analysis of these cases, that no improvident stipulation formed the major premise of the conclusion reached in the LeBlanc case. The respective counsel therein merely agreed upon what a particular witness' testimony would be if he were present at the trial, and they permitted this stipulation to be considered by the Court as evidence. However, we are convinced that the Court was not coerced into reaching its decision by virtue of this stipulation. The witness' testimony merely amounted, in the last analysis, to a conclusion of law by an employee of the Louisiana Casualty Rating Bureau, and it cannot be gainsaid that in the area of legal conclusions the Court was far more expert than the witness and merely relied on this "evidence" as additional support for its own conclusions.
Insofar as the accuracy of the Court's head count of the states is concerned, we are not impressed per se whether it followed *524 the majority or the minority rule emanating therefrom. What does impress us is that the Court obviously employed the civil law technique of using these cases merely as guide lines in aiding itself to reach a legal, just and intelligent result. In any event, we are convinced that the rationale emanating from LeBlanc is correct, and that it was not, as the plaintiffs insist, the result of a series of errors.
In analyzing the specific question posed for our consideration, we are impressed by the fact that the legislative enactment providing for compulsory uninsured motorist coverage[4] did not prohibit the insertion in an automobile liability policy of a provision limiting its uninsured motorist liability to excess coverage under appropriate circumstances. Moreover, La. R.S. 22:620 clearly provides that any insurer may insert in its policies any provisions or conditions required by its plan of insurance or method of operation which are not prohibited by the Insurance Code. We are convinced that nothing in the uninsured motorist statute or any other legislative provision prohibits the insertion of the excess insurance provision in connection with uninsured motorist coverage. Furthermore, nothing in such a provision violates the uninsured motorist statute or public policy, since the ultimate result is to offer the insured what he is required by law to have, namely insurance to the extent of $5,000.00 in the event that he should be injured by an uninsured motorist.[5]
Not only do we reaffirm the rationale of the cases cited above from the First and Third Circuits, but we have unequivocally arrived at the inevitable conclusion that the excess insurance provision in question is valid, enforceable, and controlling in this case. Consequently, the judgment of the lower court should be reversed insofar as it awarded the plaintiffs a judgment against United States Fire Insurance Company.
For the foregoing reasons, the judgment of the lower court is reversed insofar as it rendered judgment in favor of the plaintiffs and against the United States Fire Insurance Company in the amount of $5,000.00, and judgment is now rendered in favor of the United States Fire Insurance Company and against the plaintiffs dismissing their suit against it. In all other respects, the judgment of the lower court is affirmed.
The plaintiffs are to pay all costs incurred in this appeal.
Reversed in part, affirmed in part, and rendered.
NOTES
[1] 194 So.2d 791 (1967).
[2] 194 So.2d 797 (1967).
[3] 223 So.2d 492 (1969).
[4] La.R.S. 22:1406.
[5] See 12 Couch on Insurance 2d, § 45:623 (1964).