[No. 15547-4-I. Division One. May 19, 1986.]

ARLENE BATES, *Appellant,* v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Respondent.*

*L. W. Michael Kahn,* for appellant.

*Harold C. Fosso,* for respondent.

SWANSON, J.—The essential facts are undisputed. On November 29, 1981, Bates suffered severe injuries when the

car in which she was riding as a passenger, which car was owned and was being driven by Eric Martin, collided with a motor vehicle that was owned and operated by Vera Lauder.

At the time of the accident, Lauder had an automobile insurance policy from Allstate Insurance Company with a $25,000 liability limit. Martin also had an Allstate automobile insurance policy, which provided underinsured motorist coverage of $25,000. Bates received from Allstate on Lauder's behalf the policy liability limit of $25,000 and further received from Allstate under Martin's policy $25,000 as underinsured motorist benefits.

Bates had a State Farm Mutual Automobile Insurance Company policy which had bodily injury liability limits of $50,000 for one person and $100,000 for one accident and bodily injury underinsured motorist limits of $25,000 for one person and $50,000 for one accident. Bates claimed damages in excess of $50,000 and sought recovery under her own State Farm automobile insurance policy's underinsured motorist coverage. State Farm denied Bates' claim based upon a provision in her insurance policy which limited the recovery of underinsured motorist benefits, when the insured was injured while in a vehicle not owned by her, her spouse or a relative, to the amount by which her underinsured motorist coverage exceeded any primary underinsured motorist coverage that applied to the vehicle.

Bates then commenced this action seeking a declaratory judgment that her $25,000 State Farm underinsured motorist coverage was available to satisfy her damages in excess of the $50,000 in liability and underinsured motorist payments she had received under Lauder's and Martin's policies, respectively. Both parties submitted summary judgment motions, and Bates' motion requested, in addition to declaratory relief, a $2,000 penalty and attorney fees under the Consumer Protection Act, RCW 19.86. Bates now appeals[1] the summary judgment entered in State Farm's

---

[1] Arlene Bates' request for direct review by our State Supreme Court was

favor.

The principal issue in this appeal is whether an insurance contract provision violates public policy or RCW 48.22.030 if it limits the recovery of underinsured motorist payments under the policy to the amount by which the policy limit exceeds the primary underinsured motorist coverage that applies to a vehicle in which the insured is riding when injured and which is not owned by him, his spouse or a relative. Since no material facts are disputed, the question is whether State Farm was entitled to a judgment as a matter of law. CR 56(c); *Hartley v. State*, 103 Wn.2d 768, 774, 698 P.2d 77 (1985).

Upon its enactment in 1967, RCW 48.22.030 required that uninsured motorist coverage be offered in automobile liability policies to protect insured persons who were legally entitled to recover damages from the owners or operators of uninsured motor vehicles. Laws of 1967, ch. 150, § 27, p. 737. The 1980 amendment to RCW 48.22.030 broadened the scope of coverage to include underinsured vehicles (*i.e.*, vehicles with respect to which the sum of the liability limits applicable to a covered person after an accident is less than the applicable damages which the covered person is legally entitled to recover). RCW 48.22.030(1); Laws of 1980, ch. 117, § 1, p. 361. In 1981 the underinsured motorist coverage was extended to include property damage.[2] Laws of 1981, ch. 150, § 1, p. 717. *See Britton v. Safeco Ins. Co. of Am.*, 104 Wn.2d 518, 522–25, 707 P.2d 125 (1985).

---

denied on September 24, 1984, and her appeal was transferred for determination by the Court of Appeals.

[2]RCW 48.22.030 was subsequently amended in 1983 and 1985, Laws of 1983, ch. 182, § 1, p. 996; Laws of 1985, ch. 328, p. 1124. *See Britton v. Safeco Ins. Co. of Am.*, 104 Wn.2d 518, 525 & n.3, 707 P.2d 125 (1985).

RCW 48.22.030(1) (1981) defines an "underinsured motor vehicle" as follows: "a motor vehicle with respect to the ownership, maintenance, or use of which either no bodily injury or property damage liability bond or insurance policy applies at the time of an accident, or with respect to which the sum of the limits of liability under all bodily injury or property damage liability bonds and insurance policies applicable to a covered person after an accident is less than the applicable damages which the covered person is legally entitled to recover."

All new or renewed automobile insurance policies must offer underinsured motorist coverage in the same amount as the insured's third party liability coverage unless the insured rejects all or part of such coverage. RCW 48.22-.030(2), (3), (4); *Britton,* at 527. Besides permissible exclusions from the underinsured motorist coverage not relevant here, *see* RCW 48.22.030(2), the statute permits the following restriction in such coverage:

> The policy may provide that if an injured person has other similar insurance available to him under other policies, the total limits of liability of all coverages shall not exceed the higher of the applicable limits of the respective coverages.

RCW 48.22.030(6).

The provision in Bates' State Farm insurance policy at issue here states:

> If There Is Other Coverage.
>
> . . .
>
> 3. If the *insured* is injured while *occupying* a vehicle not owned by *you, your spouse* or any *relative,* this coverage applies:
>   a. as excess to any underinsured motor vehicle coverage which applies to the vehicle as primary coverage, but
>   b. only in the amount by which it exceeds the primary coverage.

Thus under Bates' policy, if the insured is injured while in a nonowned vehicle, payment under the policy's underinsured motorist coverage is limited to the amount by which the policy limit exceeds the primary underinsured motorist coverage that applies to the vehicle.

Bates argues that since her recovery of payments under Lauder's and Martin's insurance policies have not fully compensated her for her injuries, public policy requires that the State Farm policy limitation be construed narrowly to apply only to "omnibus insureds" protected under her policy (*i.e.,* persons "to whom coverage may extend whether or not [they are purchasers] of the policy"), Brief of Appellant, at 20, not named insureds like herself, who

generally have been provided broader insurance coverage than omnibus insureds. We disagree.

While Bates refers to the statutory language to support her argument, the use in RCW 48.22.030(6) of "injured person" instead of "insured," "named insured," or "covered persons" does not by itself so much indicate a legislative intent to distinguish between two different classes of insureds as inclusively to refer to all injured persons, named insured and otherwise, who may qualify for underinsured motorist coverage under a policy and thus to whom the restriction might apply.

█ █ Limitations in insurance contracts which are contrary to public policy and statute will not be enforced; however, insurers may otherwise limit their contractual liability. Generally, a contract which is not prohibited by statute, condemned by judicial decision, or contrary to the public morals contravenes no principle of public policy. *State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 481, 687 P.2d 1139 (1984). While the underinsured motorist statute reflects a policy of providing compensation to the victims of an automobile accident, *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 1, 6–7, 665 P.2d 891 (1983), the purpose of this statute is to allow

> an injured party to recover those damages which the injured party would have received had the responsible party been insured with liability limits as broad as the injured party's statutorily mandated underinsured motorist coverage limits.

*Britton v. Safeco Ins. Co. of Am., supra* at 531. Thus the intent underlying this statute is to compensate an injured person at least to the limits of his underinsured motorist coverage, if any.

RCW 48.22.030(5)[3] and (6) implicitly overruled *Feder-*

---

[3]RCW 48.22.030(5) (1981) provides:

"(5) The limit of liability under the policy coverage may be defined as the maximum limits of liability for all damages resulting from any one accident regardless of the number of covered persons, claims made, or vehicles or premiums shown on the policy, or premiums paid, or vehicles involved in an accident."

*ated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 563 P.2d 815 (1977) and *Cammel v. State Farm Mut. Auto. Ins. Co.,* 86 Wn.2d 264, 543 P.2d 634 (1975), which prohibited certain restrictions upon *uninsured* coverage before the statute's 1980 amendment. *Briggs,* at 4. RCW 48.22.030(6) authorizes an "other insurance" clause like that in Bates' State Farm policy, which prohibits "external stacking," *i.e.,* the adding together of several different policy coverages to increase available coverage limits. *Britton v. Safeco Ins. Co. of Am., supra* at 532. The public policy expressed in the underinsured motorist statute is thus to permit such clauses. *See State Farm Gen. Ins. Co. v. Emerson, supra* at 481–82. Not all insurance exclusions or limitations violate the state's public policy, and the fact that the injured party is not fully compensated for his injuries does not necessitate the conclusion that the application of a policy exclusion or limitation violates public policy or RCW 48.22.030. *Briggs,* at 7–8.

The Washington Supreme Court has denied recovery under both the liability and underinsured motorist coverages of an insurance policy that insured the vehicle in which two passengers were riding when they were injured or killed in a 1–car accident where the policy's definition of an underinsured vehicle excluded the insured vehicle. *Briggs,* at 2. The *Briggs* court distinguished *Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wn.2d 203, 643 P.2d 441 (1982), which had invalidated a family exclusion clause in an automobile insurance policy which purported to exclude liability for bodily injury to the insured's family members residing in his household as violative of the state's public policy of assuring compensation to the victims of negligent and careless drivers, *Progressive Cas. Ins. Co. v. Jester,* 102 Wn.2d 78, 80, 683 P.2d 180 (1984).

According to the *Briggs* court, in *Wiscomb,* unlike in *Briggs,* the parties lacked bargaining power in contracting with the insurer and were unable to purchase the insurance protection sought; further, in *Briggs,* unlike in *Wiscomb,*

the underinsured motorist limitation did not "deny" coverage to passengers but merely limited passengers to the general liability coverage amount. *Briggs*, at 7–8; *cf. Progressive Cas. Ins. Co. v. Jester, supra* at 80–82 (*Mutual of Enumclaw Ins. Co. v. Wiscomb* distinguished in upholding bargained–for passenger exclusion in motorcycle liability insurance policy).

■ Here no evidence was presented that Bates lacked bargaining power and was unable to purchase underinsured motorist coverage in an amount greater than $25,000 if she had so desired since State Farm was required under RCW 48.22.030(3) to offer her underinsured motorist coverage in an amount equal to her third party liability coverage, which was $50,000/$100,000. Further, the insurance policy limitation did not result in Bates' being denied any underinsured motorist coverage at all since she received $25,000 in underinsured motorist payments under Martin's policy; she was merely limited to a total recovery of $25,000 of such coverage, which is the amount of such coverage for which she had paid. Under these circumstances, particularly in light of the statutory authorization of policy provisions prohibiting external stacking, the fact that Bates was not fully compensated for all her injuries even after payments under Lauder's and Martin's policies, including the underinsured motorist payment under Martin's policy, does not require the conclusion that interpreting the State Farm policy clause to limit her underinsured motorist recovery to the amount by which her underinsured motorist coverage exceeds the primary underinsured motorist coverage violates public policy or RCW 48.22.030.

In *Long v. United States Fire Ins. Co.*, 236 So. 2d 521 (La. Ct. App.), *cert. denied*, 256 La. 864, 239 So. 2d 362 (1970), the court upheld as valid and enforceable an excess or "other insurance" provision in an automobile insurance policy's uninsured[4] motorist coverage that was similar to

---

[4]While the coverage under the Louisiana statute and the insurance policy is denominated "uninsured," rather than "underinsured," motorist coverage, the

the clause at issue here so that the insureds were limited to recovering only the excess of their own uninsured motorist coverage over the primary uninsured motorist coverage applicable to the automobile in which the insureds' deceased daughter was riding at the time of the accident. The *Long* court held that such a limitation on recovery did not violate the state's uninsured motorist statute or public policy. *Long*, at 524. Similarly here the limitation on Bates' underinsured motorist coverage does not violate the state statute or public policy.

■ Bates further contends that any ambiguity in an insurance policy is to be construed against the insurer and claims, without citing any authority, that an insurance policy is ambiguous if coverage is simultaneously provided and excluded by different clauses, as in the policy here. However, a policy is not rendered structurally ambiguous merely because the pertinent language is not contained on a single page or in the same clause, particularly when the limiting language is clearly set off, as it is here. *State Farm Gen. Ins. Co. v. Emerson, supra* at 484–85. We find no ambiguity here.

Finally, since the "excess," or "other insurance," clause in Bates' underinsured motorist coverage does not violate the statute or public policy, we find no bad faith denial of coverage in violation of RCW 48.01.030 that constitutes an unfair business practice under the Consumer Protection Act, RCW 19.86.020, and accordingly deny Bates' request for a $2,000 penalty and attorney fees under RCW 19.86-.090. *Orsi v. Aetna Ins. Co.*, 41 Wn. App. 233, 246 & n.7, 703 P.2d 1053 (1985).

We conclude that State Farm was entitled to a judgment

definitions include an underinsured vehicle. La. Rev. Stat. Ann.´§ 22:1406 (West 1978); *see Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 1, 5 n.3, 665 P.2d 891 (1983); *see also Elovich v. Nationwide Ins. Co.,* 104 Wn.2d 543, 550, 707 P.2d 1319 (1985).

as a matter of law, *Hartley v. State, supra,* and affirm the judgment.

WEBSTER, J., and HOLMAN, J. Pro Tem., concur.

Review denied by Supreme Court September 2, 1986.