[No. 16280–2–I. Division One. July 23, 1986.]

RANDY J. FURLONG, *Appellant,* v. FARMERS INSURANCE COMPANY OF WASHINGTON, *Respondent.*

*Lowell H. Ashbach, Charles J. Herrmann,* and *Herrmann & Levenson,* for appellant.

*Timothy R. Gosselin* and *Burgess, Kennedy, Fitzer & Strombom, P.S.,* for respondent.

COLEMAN, J.—On May 29, 1983, appellant Randy Furlong was injured while riding as a passenger in an uninsured motor vehicle. At the time of the injury, appellant was an insured under both his mother's and stepfather's separate insurance policies issued by respondent Farmers.

Both policies provided underinsured motor vehicle coverage. The policy issued to Milton A. Furlong, appellant's stepfather and uncle, had a liability limit of $100,000 per person. The policy issued to Louise B. Furlong, appellant's mother, had a liability limit of $50,000. Both policies contained the following provision:

If any applicable insurance other than this policy is issued to *you* by us or any other member company of the Farmers Insurance Group, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

(Italics ours.) Both policies also provided: "Throughout this

policy, 'you' and 'yours' mean the 'named insured' shown in the Declarations and spouse if a resident of the same household."

After the accident, appellant claimed underinsured motor vehicle coverage under both policies. Farmers paid appellant $100,000 under his stepfather's policy, since it contained the higher limit of liability of the two policies. However, Farmers refused to pay an additional $50,000 under appellant's mother's policy.

Appellant brought an action seeking a declaratory judgment that both policies provided coverage for the accident. He sought an additional $50,000, plus prejudgment interest, costs, and attorney fees. The trial court subsequently granted respondent's motion for summary judgment of dismissal. This appeal followed.

We first consider whether the anti–stacking or "other insurance" provisions of the policies preclude recovery under both policies for injuries resulting from one accident or occurrence. Appellant contends that either the anti–stacking provisions are ambiguous and in need of construction, or the provisions are unambiguous, *i.e.*, they only preclude stacking where one policyholder (the named insured) has two or more Farmers' policies. Specifically, appellant argues that the primary sense of "you" in the policies ("If any applicable insurance other than this policy is issued to *you* . . ." (italics ours)) is that "you" means the policyholder. In support of this argument, he points to clauses such as, "*You* may cancel this policy by advising us . . .", and "This endorsement is part of *your* policy." (Italics ours.) Therefore, appellant contends "you", at least in certain parts of the policy, refers only to the policyholder, and therefore the policy is ambiguous.

Respondent, on the other hand, correctly points out that "you" is defined in the policy to include both the named insured and his or her spouse. In light of this definition, Farmers concludes that the "you" referred to in the anti–stacking provisions in the policies at issue here includes the named insured's spouse. Therefore, the provisions at

issue are unambiguous, and stacking the policies issued to appellant's mother and stepfather is clearly prohibited. We agree.

■ Coverage is considered ambiguous when a policy is subject to two different, reasonable interpretations. *McDonald Indus., Inc. v. Rollins Leasing Corp.,* 95 Wn.2d 909, 631 P.2d 947 (1981). In determining whether an ambiguity exists, a court must examine the insurance contract as a whole. *State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 484, 687 P.2d 1139 (1984).

■ Though it may be argued that the average person purchasing insurance would understand "you" to refer to the policyholder, the policies at issue clearly and unambiguously define the term "you" to include a spouse of the policyholder residing in the same household. Where language in an insurance policy is clear and unambiguous, a court may not modify or strike that language. *Progressive Cas. Ins. Co. v. Jester,* 102 Wn.2d 78, 79, 683 P.2d 180 (1984); *Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 73, 549 P.2d 9 (1976). Therefore, since the policy language at issue is not ambiguous when read in conjunction with the clear definitions provided in the policy, appellant is not entitled to coverage under both policies.[1]

Appellant also argues that coverage should be provided him under both policies because his stepfather is also his uncle. He claims that the $100,000 he received was paid to him as a family member under his uncle's policy, regardless of his uncle's marriage. This argument is irrelevant. The anti–stacking provision clearly applies to spouses, and Furlong's uncle *was* married to his mother at the time of the accident.[2]

---

[1]We note that appellant has suggested other interpretations of the policy language at issue. Those interpretations are not *reasonable,* and therefore, the policy is unambiguous. *McDonald Indus., Inc. v. Rollins Leasing Corp.,* 95 Wn.2d 909, 631 P.2d 947 (1981).

[2]Appellant also suggests that an anti–stacking provision based on marriage is discriminatory. Though appellant cites RCW 48.30.300 and a recent superior court

■ Finally, Farmers claims the appeal is frivolous and requests an award of terms and compensatory damages in an amount equivalent to the cost of defending this appeal. *See* RAP 18.9(a). An appeal is frivolous only "if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal." *Streater v. White,* 26 Wn. App. 430, 435, 613 P.2d 187 (1980). Applying this standard, we find the appeal is not frivolous.

Affirmed.

WILLIAMS and WEBSTER, JJ., concur.

Reconsideration denied September 9, 1986.

Review denied by Supreme Court December 2, 1986.

decision in support of this argument, he has not demonstrated how the policy could be discriminatory as to him. In fact, his argument in his opening brief merely mentions the statute in passing and offers no analysis whatsoever. In the absence of any persuasive argument explaining why RCW 48.30.300 is applicable under the circumstances presented here, we must reject the contention.