[No. 7590-7-III. Division Three. May 14, 1987.]

SAFECO CORPORATION, ET AL, *Respondents,* v. ROGER KUHLMAN, ET AL, *Appellants.*

*Henry S. Holte, James P. Hunter,* and *Anderson, Hunter, Dewell, Baker & Collins,* for appellants.

*Larry Carlson, Clifford R. Sears,* and *Carlson & Drewelow,* for respondents.

GREEN, J.—Roger and Barbara Kuhlman appeal a summary judgment in favor of Safeco Corporation denying the Kuhlmans' request to stack their uninsured motorist coverage. The dispositive issue is whether the Safeco policy complied with RCW 48.22.030(5) so as to prevent stacking of uninsured motorist coverage.

The facts are undisputed. On July 3, 1982, Roger and Barbara Kuhlman were involved in an automobile accident on Highway 97 with Kevin Gorman, an uninsured motorist. The Kuhlmans had an automobile liability policy issued by Safeco covering two cars, each with $100,000 uninsured motorist coverage. Safeco offered the Kuhlmans a $100,000 settlement for their damages. The Kuhlmans declined to accept the offer contending they were entitled to stack the coverage on both automobiles. Safeco then brought this declaratory judgment action to determine coverage. Both parties moved for summary judgment. The court construed Safeco's policy to prevent stacking the uninsured motorist coverage and granted summary judgment for Safeco.

The Kuhlmans contend the court erred because the anti–stacking provisions contained in Safeco's policy do not comply with the requirements of RCW 48.22.030(5). We disagree and affirm.

RCW 48.22.030(5) provides:

The limit of liability under the policy coverage may be defined as the maximum limits of liability for all damages resulting from any one accident regardless of the number of covered persons, claims made, or vehicles or premiums shown on the policy, or premiums paid, or vehicles involved in an accident.

This subsection of RCW 48.22.030 is aimed at the practice called "stacking". *Britton v. Safeco Ins. Co.,* 104 Wn.2d 518, 531, 707 P.2d 125 (1985). The court stated in *Britton,* at page 531:

[W]e construe the purpose of the underinsured motorist aspects of the new underinsured motorist statute as

> allowing an injured party to recover those damages which the injured party would have received had the responsible party been insured with liability limits as broad as the injured party's statutorily mandated underinsured motorist coverage limits.

(Footnote and italics omitted.) RCW 48.22.030(5) and (6) allow insurers now to include provisions limiting coverage for liability for one accident and preventing an insured person from stacking coverages for multiple automobile policies; these statutory exceptions implicitly overrule *Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 563 P.2d 815 (1977) and *Cammel v. State Farm Mut. Auto. Ins. Co.,* 86 Wn.2d 264, 543 P.2d 634 (1975). *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 1, 4, 665 P.2d 891 (1983). Thus, anti–stacking provisions in automobile insurance policies in this state are valid and enforceable.

> Not all insurance exclusions or limitations violate the state's public policy, and the fact that the injured party is not fully compensated for his injuries does not necessitate the conclusion that the application of a policy exclusion or limitation violates public policy or RCW 48.22.030.

*Bates v. State Farm Mut. Auto. Ins. Co.,* 43 Wn. App. 720, 726, 719 P.2d 171 (1986).

Here, the Safeco policy under Part C—Uninsured Motorists Coverage provides:

> Limit of Liability.
> The limit of liability stated in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person," the limit of liability stated in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident.

Also under Part F—General Provisions—paragraph 7 provides:

Two or More Autos Insured; Two or More Auto Policies

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto.

 In construing the language of an insurance policy, the court will examine the contract as a whole. *E–Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986); *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 687 P.2d 1139 (1984). An insurance policy is not rendered structurally ambiguous merely because pertinent language is not contained on a single page or in the same clause. *State Farm Gen. Ins. Co. v. Emerson, supra* at 484–85; *Bates v. State Farm Mut. Auto. Ins. Co., supra* at 728. While the limit of liability provision in the underinsured motorist section of the policy does not contain the exact wording of RCW 48.22.030(5), it expresses the intent of this statute and the policy read as a whole is not ambiguous. In *Vadheim v. Continental Ins. Co.*, 107 Wn.2d 836, 844, 734 P.2d 17 (1987), the court recognized that "[a]s of September 1, 1980, anti–stacking clauses are valid if they are unambiguous and follow the provisions of RCW 48.22.030(5)." Thus, the policy language controls and stacking is prohibited.[1] The maximum allowable recovery for any one accident or bodily injuries from any one accident under the Safeco policy is $100,000.

The Kuhlmans cite to Comment, *Washington's Underinsured Motorist Statute: Balancing the Interests of Insurers and Insureds*, 55 Wash. L. Rev. 819, 823 n.26 (1980), which states, after quoting RCW 48.22.030(5):

This language allows the insurer to prevent stacking between vehicles insured on the same policy. The follow-

---

[1]This holding is consistent with *Lien v. Allstate Ins. Co.*, 626 F. Supp. 1132 (W.D. Wash. 1986), where the Liens argued the policy provision limiting liability was defective because it did not contain the language from RCW 48.22.030(5) "premiums shown on the policy, or premiums paid" and thus stacking should have been allowed. The court disagreed and held the policy language was unambiguous and susceptible of but one interpretation, thus stacking was not permitted. *Lien,* at 1134–35.

ing language prevents stacking of coverages between different policies: "The policy may provide that if an injured person has other similar insurance available to him under other policies, the total limits of liability of all coverages shall not exceed the higher of the applicable limits of the respective coverages." Wash. Rev. Code § 48.22.030 (Supp. 1980). The practitioner should be aware that many policies applicable to accidents after the effective date of this statute may not contain these anti-stacking provisions. In that case the contract controls and the insured would be allowed to stack even if the policy does not so indicate because of the more liberal stacking clauses currently contained in most policies.

They assert this footnote is authority for the proposition the policy limitation clause must be in the language of the statute. The message contained in this footnote and in the statute is that the language contained in the policy controls. Thus, the trial court properly held the anti–stacking provision in the Safeco policy was valid and precluded the Kuhlmans from stacking uninsured motorist coverage.

In light of this holding, we need not reach the other issues and motions raised by the parties.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Review denied by Supreme Court September 1, 1987.