[No. 15765-5-I. Division One. July 8, 1987.]

LOUISE M. EDWARDS, as *Personal Representative, Respondent,* v. FARMERS INSURANCE COMPANY OF WASHINGTON, *Appellant.*

*Robert E. Brooke,* for appellant.

*J. Robert Leach,* for respondent.

SWANSON, J.—Farmers Insurance Company appeals from a summary judgment in favor of Louise M. Edwards, personal representative of the estate of Kenneth J. Edwards, deceased, permitting Edwards to "stack" underinsured motorist coverage provided by two separate Farmers policies.

Kenneth Edwards was killed in an automobile accident involving an uninsured motorist on November 30, 1982. Prior to the accident, Farmers issued two automobile insurance policies to the Edwards. One policy designated Louise as the named insured and provided coverage for a GMC pickup truck. A second identical policy designated Kenneth as the named insured and provided coverage for Kenneth's Pinto automobile. At the time of the accident, Kenneth was driving the pickup truck. Farmers paid $50,000 to the estate, the limits of the underinsured motorist coverage in Louise's policy, but declined to pay an additional $50,000 citing the "limits of liability" and "other insurance" provisions in Kenneth's policy. Following cross motions for summary judgment, the trial court granted Edwards' motion and ordered Farmers to pay an additional $50,000 to the estate. The trial court concluded that the "other insurance" provision contained in Kenneth's policy discriminated on the basis of marital status and was therefore contrary to RCW 48.30.300. We disagree and reverse.

At issue in the instant appeal are the following provisions contained in the Farmers policies issued to the Edwards:

Definitions
Throughout this policy, "you" and "your" mean the "named insured" shown in the Declarations and spouse if a resident of the same household. . . .
. . .
Family member means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child. Occupying means in, on, getting into or out of.
. . .

UNDERINSURED MOTORISTS COVERAGE ENDORSEMENT
PART II—UNDERINSURED MOTORISTS
Coverage C—Underinsured Motorists Coverage
We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an Underinsured motor vehicle. . . .

. . .

Additional Definitions Used In This Part Only
1. Insured person means:
a. You or a family member.
b. Any other person while occupying your insured car.
c. Any person for damages that person is entitled to recover because of bodily injury to you, a family member, or another occupant of your insured car.

. . .

Limits of Liability
The limits of liability shown in the Declarations apply subject to the following:
1. The limit for "each person" is the maximum for bodily injury sustained by any person in any one accident.

. . .

2. Subject to the limit for "each person," the limit for "each accident" is the maximum for bodily injury sustained by two or more persons in any one accident.
3. Subject to the law of the state of the accident, we will pay no more than these maximums regardless of the number of vehicles insured, insured persons, claims, claimants, policies, or vehicles involved in the accident.
Other Insurance

. . .

4. If any applicable insurance other than this policy is issued to you by us or any other member company of the Farmers Insurance Group, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

The trial court held that the "other insurance" provision violated RCW 48.30.300, which provides:

No person or entity engaged in the business of insurance in this state shall refuse to issue any contract of insurance or cancel or decline to renew such contract because of the sex or marital status . . . of the insured or

prospective insured. The amount of benefits payable, or any term, rate, condition, or type of coverage shall not be restricted, modified, excluded, increased or reduced on the basis of the sex or marital status . . . of the insured or prospective insured.

The parties are in agreement that so-called "antistacking" provisions in automobile insurance policies are valid and enforceable in this state. *See generally Safeco Corp. v. Kuhlman*, 47 Wn. App. 662, 737 P.2d 274 (1987); *see also Anderson v. American Economy Ins. Co.*, 43 Wn. App. 852, 719 P.2d 1345 (1986); *Bates v. State Farm Mut. Auto. Ins. Co.*, 43 Wn. App. 720, 719 P.2d 171 (1986). RCW 48.22-.030(5) and (6) permit an insurer to include provisions preventing both inter-policy and intra-policy stacking.[1] Respondent does not challenge the fact that the unambiguous language of the "other insurance" clause, absent its alleged discriminatory effect, precludes additional recovery in the instant case under Kenneth's underinsured motorist coverage.

Respondent contends, and the trial court below agreed, that the provision discriminates on the basis of marital status because it would not have precluded stacking had the Edwards been unmarried and living together. This argument rests on the meaning of "you," which is defined by the policy as the "named insured" and the named insured's spouse "*if a resident of the same household.*"

---

[1]RCW 48.22.030(5), which is directed primarily to intra-policy stacking, provides:

"(5) The limit of liability under the policy coverage may be defined as the maximum limits of liability for all damages resulting from any one accident regardless of the number of covered persons, claims made, or vehicles or premiums shown on the policy, or premiums paid, or vehicles involved in an accident."

RCW 48.22.030(6), which is directed primarily to inter-policy stacking, provides:

"(6) The policy may provide that if an injured person has other similar insurance available to him under other policies, the total limits of liability of all coverages shall not exceed the higher of the applicable limits of the respective coverages."

RCW 48.22.030 was amended in 1983 and 1985. *See* Laws of 1983, ch. 182, § 1, p. 990; Laws of 1985, ch. 328, p. 1124. RCW 48.22.030(5) and (6), however, have remained unchanged.

(Italics ours.) If Kenneth and Louise had been unmarried, lived together, and had purchased separate Farmers policies, the respondent reasons, there would have been no other applicable policy issued within the meaning of the "other insurance" provision and stacking would not have been precluded.[2] Edwards' argument has some superficial appeal, but breaks down upon closer examination.

Although "marital status" has not been judicially construed for purposes of RCW 48.30.300, this court has noted in the similar context of RCW 49.60.222 (discrimination in real estate transactions) that the term is commonly related "to the existence or absence of a marriage bond." *Loveland v. Leslie*, 21 Wn. App. 84, 87, 583 P.2d 664 (1978), *review denied*, 91 Wn.2d 1022 (1979). Under some circumstances, the term may also encompass the identity of a spouse. *Cf. Washington Water Power Co. v. State Human Rights Comm'n*, 91 Wn.2d 62, 586 P.2d 1149 (1978) ("anti-nepotism" practices based on the identity of a spouse); *see also Davis v. Department of Empl. Sec.*, 108 Wn.2d 272, 737 P.2d 1262 (1987). However, under either of these approaches, we can find no discrimination on the basis of marital status in the Farmers "other insurance" provision.

The "other insurance" provision in the instant case was not triggered merely by the existence or absence of a marriage between Kenneth Edwards and Louise. Rather, as the respondent acknowledges, coverage was limited because (1) Kenneth was Louise's spouse, (2) was residing in the same household, (3) and another applicable Farmers policy had been issued to him.[3] Consequently, the amount of benefits was not restricted on the basis of Kenneth's or

---

[2]Farmers concedes that if Kenneth and Louise had purchased separate Farmers policies and had been unmarried and living together or married and living apart, the "other insurance" clause would not have been applicable. Farmers argues, however, that stacking would nonetheless have been precluded by the terms of the "limits of liability" provision. We decline to decide this contention.

[3]The existence of a marriage was ultimately irrelevant to the question of coverage under Louise's policy since Kenneth was an insured in any event by reason of occupying her vehicle.

Louise's marital status. RCW 48.30.300. *Cf. State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 687 P.2d 1139 (1984) (homeowner's policy conferred insured status on family members living in the same household and did not discriminate on the basis of marital status). Had the Edwards been married and living apart, the provision would have been inapplicable and they would not have been precluded from stacking.

Moreover, contrary to respondent's contention, the spouse of a named insured is not the only category of persons subject to the "other insurance" provision. Recently, this court held that an "other insurance" clause identical to the one here was unambiguous and precluded a stepson, an insured person under both policies, from stacking the underinsured motorist coverages of separate policies issued to his mother and stepfather. *Furlong v. Farmers Ins. Co.,* 44 Wn. App. 458, 721 P.2d 1010, *review denied,* 107 Wn.2d 1017 (1986). As drafted, the Farmers "other insurance" provision prevents any insured person from stacking coverage whenever separate policies are issued to spouses residing in the same household. *Furlong,* at 461.

Because we have determined that the "other insurance" provision does not discriminate on the basis of marital status, we need not examine Farmers' contention that the "limits of liability" provision also prevented inter–policy stacking in the instant case. Since the "other insurance" provision here did not discriminate on the basis of marital status, no factual question regarding statistical bases for differentiation arises. RCW 48.30.300; *State Farm Gen. Ins. Co. v. Emerson, supra* at 480.

The judgment is reversed and the case remanded for entry of an order granting summary judgment on behalf of Farmers.

RINGOLD, A.C.J., concurs.

WILLIAMS, J. (dissenting)—It is apparent that the "Limits of Liability" provision of both policies is drawn pursuant

to subsection (5) of RCW 48.22.030, which provides:

> (5) The limit of liability under the policy coverage may be defined as the maximum limits of liability for all damages resulting from any one accident regardless of the number of covered persons, claims made, or vehicles or premiums shown on the policy, or premiums paid, or vehicles involved in an accident.

This provision limits the total amount to be paid under the terms of each policy regardless of the number of persons or vehicles involved or premiums paid. It has nothing to do with the limitation of liability on the basis that similar insurance is available to the injured person. Authorization for such a limitation is contained in subsection (6) of the statute, which provides:

> (6) The policy may provide that if an injured person has other similar insurance available to him under other policies, the total limits of liability of all coverages shall not exceed the higher of the applicable limits of the respective coverages.

This specifically authorizes a policy provision to prevent stacking.

Those persons afforded underinsured motorist coverage are the named insured, his or her spouse if a resident of the same household, any family member living in the same household and any occupant of the car. The "other similar insurance" provision of the policy does not fully utilize the authority of subsection (6) because it permits all the unnamed insureds, except for the spouse in residence, to stack underinsured motorist coverage. Preventing that person from recovering on more than one policy because of his or her marital status when the other insured persons are not so restricted is a violation of RCW 48.30.300, which provides:

> No person or entity engaged in the business of insurance in this state shall refuse to issue any contract of insurance or cancel or decline to renew such contract because of the sex or marital status . . . of the insured or prospective insured. The amount of benefits payable, or any term, rate, condition, or type of coverage shall not be

restricted, modified, excluded, increased or reduced on the basis of the sex or marital status . . . of the insured or prospective insured.

The "Other Insurance" provision is narrowly drawn to exclude only a spouse living with the named insured. If the spouse is living elsewhere, he or she joins the other unnamed insureds in having coverage. The spouse in residence being singled out from the other unnamed insureds for limited coverage because he or she is married to the named insured while living in the same household is unlawful discrimination, and the trial court was correct in so holding. That being married and living together is a "marital status" within the purview of the statute against discrimination cannot be gainsaid. This determination is consistent with our recent opinion in *Furlong v. Farmers Ins. Co.,* 44 Wn. App. 458, 721 P.2d 1010, *review denied,* 107 Wn.2d 1017 (1986), where there was no discrimination as to gender or marital status insofar as the claimant was concerned.

I would affirm the judgment.

Reconsideration denied November 9, 1987.

Review granted by Supreme Court March 1, 1988.