**Karen L. HAWN, as Personal Representative of the Estate of Raymond L. Hawn, deceased, Plaintiff,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., a foreign insurance corporation, Defendant.**

No. CY–90–3063–AAM.

United States District Court,
E.D. Washington.

May 15, 1991.

Richard R. Johnson, Velikanje, Moore & Shore, Inc., P.S., Yakima, Wash., for plaintiff.

Philip W. Wagner, Bogle & Gates, Yakima, Wash., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

McDONALD, District Judge.

On April 10, 1991, the plaintiff's motion for summary judgment, and the defendant's cross-motion for summary judgment, came on for hearing with oral argument. The plaintiff was represented by Richard Johnson. Philip Wagner appeared on behalf of the defendant.

### FACTS

The plaintiff, Karen Hawn is the widow of Raymond Hawn who, as a pedestrian, was struck by a motor vehicle driven by Jan Spencer, an underinsured motorist, and killed. Karen Hawn has settled all claims with Jan Spencer and her insurance company in exchange for payment of the $25,000 liability policy limits. The plaintiff was not made whole by this payment. The Hawns had underinsured motorist insurance coverage in three separate policies on three separate vehicles through State Farm Mutual Insurance Company (SF):

> 1) Policy No. 2485 766 B22–47—insuring a 1982 VW Rabbit—coverage limit of $50,000.
>
> 2) Policy No. 1339 277 F17 47D—insuring a 1972 Ford Pickup Truck—coverage limit of $50,000.
>
> 3) Policy No. 2266 322 C24–47—insuring a 1975 Dodge Pickup—coverage limit of $30,000.

State Farm has paid the plaintiff $50,000, the underinsured motorist coverage limit on one of the policies, (V.W. Rabbit) but has declined to pay Karen Hawn anything under the other two insurance policies. State Farm argues that Hawn is precluded from collecting under these two policies by the "other insurance" limitation in the insurance policies and other provisions regarding limits of liability (See Ct.Rec. 35; Exh. B).

The applicable provisions are as follows: "3.  *Coverage U—Underinsured Motor Vehicle—Bodily Injury*

b.  Limits of Liability

5.  The limits of liability are not increased because:

a.  an *insured* has coverage for more than one vehicle under this or any other policy;  or

b.  more than one *person* is insured at the time of the accident;  or

c.  more than one *underinsured motor vehicle* is involved in the same accident.

d.  If There Is Other Coverage

The limit of liability under this policy is the maximum limits of liability for all damages resulting from any one accident regardless of the number of covered persons, claims made, or vehicles or premiums shown on the declarations page, or premiums paid, or vehicles involved in an accident.

Subject to the above:

1.  If the *insured* sustains *bodily injury* as a pedestrian and other underinsured motor vehicle coverage applies:

a.  the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability;  and

b.  we are liable only for our share. Our share is that percent of the damages that the limit of liability of this coverage bears to the total of all underinsured motor vehicle coverage applicable to the accident." [1]

The parties seek only a declaratory judgment on the issue of whether the plaintiff is entitled to or is precluded from stacking the underinsured motorist coverage on the three policies.  The parties have agreed that there is no genuine issue as to any material, outcome-determinative fact in this case before this court.  Any disputed liability or damages issues are to be determined through arbitration per the agreement in the insurance policies.  Both parties agree that the determination of this coverage issue is a question of law for the court to decide and that the sole issue before this court is the threshold issue of coverage. (Ct.Rec. 22, Exh. A); *Kraus v. Grange Ins. Assn.*, 48 Wash.App. 883, 740 P.2d 918 (1987).

Upon consideration of the record and the arguments presented by counsel, and for the reasons below, and those set forth more fully by the court at the hearing,

IT IS HEREBY ORDERED:

1.  The defendant's motion to strike (Ct. Rec. 22) is DENIED.

2.  The plaintiff's motion for summary judgment (Ct.Rec. 9) is GRANTED.

3.  The defendant's cross-motion for summary judgment (Ct.Rec. 26) is DENIED.

## DISCUSSION

■ Anti-stacking provisions as they *re*late to underinsured motorist coverage based on "other coverage" are explicitly authorized by statute in Washington. RCW 48.22.030(6) provides:

"(6) The policy may provide that if an injured person has other similar insur-

ance available to him under other policies, the total limits of liability of all coverages shall not exceed the higher of the applicable limits of the respective coverages."

The issue before this court is whether the language used in the State Farm Insurance policies issued to the Hawns clearly and unambiguously preclude Karen Hawn from collecting on all three insurance policies in the instant case where the deceased was killed by an underinsured motorist.

The plaintiff argues that the "other coverage" provision is, on its face, fairly susceptible to two different interpretations, both of which are reasonable.  "Other underinsured motor vehicle coverage" could refer to either: 1) insurance on the same loss issued by another insurer, or 2) another policy issued to the insured by State Farm on another of her vehicles.

The defendant argues that when read together with the limits of liability paragraph (b.5) and the "maximum limits" paragraph (d), the "other insurance" clause (d.1.a.) clearly and unambiguously prohibits an insured from stacking policies from the same company.  The defendant maintains that "other underinsured vehicle coverage" means "different than the item at hand."

■ The law regarding the construction of insurance contracts is well established.  Policy language is to be interpreted in accordance with the way it would be understood by the average person. *Dairyland Ins. Co. v. Ward*, 83 Wash.2d 353, 358, 517 P.2d 966 (1974).  A clause in a policy is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable. *Morgan v. Prudential Ins. Co. of Am.*, 86 Wash.2d 432, 435, 545 P.2d 1193 (1976).  If a clause is ambiguous the court must apply a construction that is most favorable to the insured, even though the insurer may have intended another meaning. *Vadheim v. Continental Ins. Co.*, 107 Wash.2d 836, 840–41, 734 P.2d 17 (1987).  *Haney v. State Farm Insurance*, 52 Wash.App. 395, 397,

---

**1.**  See also the actual policy and the amendments at Ct.Rec. 33. An insured reading the policy and the amendments would not see the two sections immediately together as provided here.

760 P.2d 950 (1988) *rev. den.* 111 Wash.2d 1033 (1989).

Contracts of insurance are to be construed in favor of the insured and most strongly against the insurer. *Kraus v. Grange Ins. Assn.*, 48 Wash.App. 883, 740 P.2d 918 (1987). This is especially true with respect to exclusionary clauses. *Vadheim v. Continental Insurance Co.*, 107 Wash.2d 836, 734 P.2d 17 (1987). However, the court must look to the insurance policy as a whole and where language in an insurance policy is clear and unambiguous, a court may not modify or strike that language or read ambiguity into the policy. *Progressive Cas. Ins. Co. v. Jester*, 102 Wash.2d 78, 79, 683 P.2d 180 (1984); *Furlong v. Farmers Insurance*, 44 Wash.App. 458, 461, 721 P.2d 1010 (1986). An insurance policy is not rendered structurally ambiguous merely because pertinent language is not contained on a single page or in the same clause. *Safeco Corp. v. Kuhlman*, 47 Wash.App. 662, 737 P.2d 274 (1987).

The defendant cites *Vadheim* for the proposition that if the "other insurance" clause in the policy follows the provisions of RCW 48.22.030(6) then it is enforceable. The defendants stress that their clause is very similar to the language in the statute (See Ct.Rec. 27). The court agrees that it is. However, *Vadheim* requires an "other insurance" clause to follow the provisions of the statute *and* be unambiguous. *Id.*, 107 Wash.2d at 844, 734 P.2d 17.

When read as a whole, within the factual context of this case, the court finds that the "other insurance" clause in the policy at bar is ambiguous. It is reasonably susceptible to the two different interpretations suggested by the plaintiff. Given this ambiguity it must be construed in favor of the insured. A reasonable interpretation of the clause is that "other underinsured motor vehicle coverage" means other insurance provided by another insurance company. This is particularly true when read with the proration paragraph.

The defendant argues that the proration clause is not even applicable here because when State Farm made its payment on the highest limit, the prorating clause was satisfied. The court disagrees. This clause is relevant because when read along with the "other insurance clause", the meaning of the entire section regarding other insurance and injuries sustained by the insured as a pedestrian is unclear. The court cannot ignore that the "other insurance" paragraph (d.1.a.) and the proration paragraph (d.1.b.) are joined by the word "and". The proration clause provides, "We are only liable for our share." To the average purchaser this would mean State Farm's share as apportioned between State Farm and another insurance company.[2]

The fact that the "other insurance" section and the "proration" section are made subject to the paragraph immediately preceding does not clarify matters. This paragraph only determines the maximum limit under each specific policy. It specifically refers to "this policy". This section would seem to have no relevance to stacking of separate insurance policies. It precludes the stacking of coverage under one policy (internal stacking).

The "limits of liability" section (3.b.5) provides that the limits of liability for each

---

**2.** The provisions at bar are similar to the provisions in the case of *Cammel v. State Farm Mutual Automobile Ins. Co.*, 86 Wash.2d 264, 543 P.2d 634 (1975). The policy in that case provided: "Subject to the foregoing paragraph, under coverage U if the insured has other similar insurance available to him against a loss covered by this coverage, then the damage shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance." *Id.* at 266, 543 P.2d 634. In *Cammel*, the "other insurance" and proration clauses were included in the same paragraph. Here they are in separate paragraphs but connected by the word "and". In *Cammel*, the Washington Supreme Court noted that the clause was "not free of ambiguity". *Id.* at 270, 543 P.2d 634. The court makes reference to the *Cammel* case only to point out the Washington Supreme Court's comment on the policy's ambiguity. The court does not rely on the holding of the *Cammel* case for precedential value as the holding has been legislatively overruled by RCW 48.22.030(5) and 48.22.030(6).

policy will not be increased for various contingencies. This section does not prohibit stacking of different policies. It only provides that the limits of *each* policy will not be increased. When read with the other provisions discussed, it only adds to the confusion.[3]

Moreover, the liability section of the policy at bar makes a clear distinction between coverage issued "by us to you" and coverage "from other sources." (Policy pg. 8; Ct.Rec. 33). By providing for both situations in this section and not in the underinsured motorist section, this makes it even more likely that an average person would think that the "other insurance clause" in the underinsured motorist section only applied when the insurance is provided through a different company.

While the Washington courts have upheld various anti-stacking clauses, they have not enforced a clause worded like the one at bar when the other coverage was supplied by the same insurer.

The only case the defendant has cited in which an "other insurance" clause is enforced in a situation where the other insurance policy was provided by the same insurer is *Furlong v. Farmers Insurance,* 44 Wash.App. 458, 721 P.2d 1010 (1986). In that case, however, the language was clear that the provision applied to other insurance provided by the same company. In the *Furlong* case, the plaintiff was injured while riding as a passenger in an uninsured vehicle. He was insured under both his mother's and his stepfather's separate insurance policies issued by Farmers Insurance. Both policies contained the following provision:

> "If any applicable insurance other than this policy is issued *to you by us* or any other member company of the Farmers Insurance Group, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability." (emphasis added) *Id.* at 459, 721 P.2d 1010.[4]

This is an excellent example of how State Farm could have written their policy to avoid ambiguity.

The Washington Court of Appeals has also upheld a provision prohibiting "internal" stacking when the language was clear and unambiguous.[5]

---

3. The Louisiana case cited by the defendant, *Branch v. O'Brien,* 396 So.2d 1372 (La.App.1981) is inapposite. (Attached to Ct.Rec. 35). In that case, the question was not how a provision in a policy should be interpreted, but, rather whether the Louisiana Insurance Code provisions which prohibited stacking changed the previous rule of law that insurance policy clauses excluding coverage while an insured is occupying an automobile not listed in the policy are void. At oral argument, the defendant cited *Elovich v. Nationwide Ins. Co.,* 104 Wash.2d 543, 707 P.2d 1319 (1985) for the proposition that the Washington Insurance Code as it relates to underinsured motorist coverage is the same as Louisiana's. However, that case only addresses RCW 48.22.030(1) of the Washington statute and whether under this secion, UIM coverage is intended to be a "decreasing" layer of coverage that guarantees a minimum payment, or a "floating" layer of coverage that applies up to the total of the damages suffered.

4. Farmers' had paid the plaintiff the higher of the two policies. Both the lower court and the appeals court upheld this provision granting summary judgment in favor of Farmers Insurance. The plaintiff's only argument was that the word "you" in the clause was ambiguous. The court determined it was not ambiguous as it was clearly defined in the policy as "the 'named insured' shown in the Declarations and spouse if a resident of the same household." *Id.,* 44 Wash.App. at 459, 721 P.2d 1010.

5. In *Safeco v. Kuhlman,* 47 Wash.App. 662, 664, 737 P.2d 274 (1987), *rev. den.* 108 Wash.2d 1037 (1987) the court found for the defendant insurance company and would not allow the plaintiffs to stack the coverage of their two cars which were insured under the same policy. Each automobile had uninsured motorist coverage of $100,000. This case was decided under RCW 48.22.030(5). The court determined that the anti-stacking provisions in that case were not ambiguous. The relevant language read:

> Limit of Liability.
> The limit of liability stated in the Declarations for "each Person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person," the limit of liability stated in the declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident.
> Two or More Autos Insured; Two or More Policies.

The Washington Court of Appeals has upheld an anti-stacking clause worded similarly to the one at bar when the "other insurance" was provided by a different company. *Anderson v. American Economy Ins.*, 43 Wash.App. 852, 719 P.2d 1345 (1986).[6]

Courts in other jurisdictions when interpreting general "other insurance" clauses such as the one in State Farm's policy, have found the clauses to be ambiguous when the insurer attempts to use them to deny coverage in a situation where it was they who provided the "other coverage".

In *Goss v. State Farm Mutual Ins. Co.*, 147 Ill.App.3d 866, 101 Ill.Dec. 238, 240, 498 N.E.2d 562, 564 (1 Dist.1986), the court held that the use of the phrase "other similar insurance" in an "excess escape" clause was ambiguous. The court reasoned that since both an "other insurance" provision clearly applying to insurance from the same company and a pro-rata clause clearly applying to insurance by other companies were made subject to this excess escape clause, the excess escape clause was ambiguous. The court noted that although the Illinois Insurance Code specifically allowed anti-stacking provisions in underinsured motorist insurance policies, the insurer did not do so clearly and unambiguously.

In *State Farm Mutual Ins. v. Desfosses*, 130 N.H. 260, 536 A.2d 205 (1987) the court would not enforce an exclusion that precluded stacking of insurance policies. The applicable provision provided that uninsured motorist coverage does not apply:

> "(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured, spouse or any relative of either, or through being struck by such an automobile."

*Id.*, 536 A.2d at 207. The policy defined an "insured automobile" as

> "an automobile described in the declarations and for which a specific premium charge indicates that this coverage is afforded."

The victim had uninsured motorist coverage under two policies on two separate cars of his father, both issued by State Farm. The court held that "insured automobile" even with the definition was ambiguous. The court noted that for the exclusion to be enforced the policy must be more specific, using language such as "under this policy."

The court finds that in view of the Washington law guiding the interpretation of insurance contracts, the policy provisions relied on by the defendant State Farm do not clearly and unambiguously preclude stacking in the factual situation before this court, where the "other underinsured motorist coverage" is provided by the same insurer, State Farm. IT IS HEREBY ORDERED that the plaintiff is not precluded by any policy language from collecting on

---

If this policy insures two or more autos or if any other auto insurance policy *issued to you by us* applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto. (emphasis added)

Not only is the language here clear, but it involves one insurance policy. If the plaintiff in the case at bar was trying to collect on underinsured motorist coverage on more than one automobile issued under *one* policy, the defendants may have effectively precluded this through the "maximum limits" paragraph. But this is not the case here. The plaintiff is attempting to collect on separate policies. The "maximum limits" paragraph does not preclude the stacking of separate policies.

**6.** In that case insurance policies from two separate companies were involved. The court held that coverage was precluded by a "regular use" provision. The court relied secondarily on the

"other insurance" clause. The provision of the policy provided:

> "If this policy and any other policy providing similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any one policy. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance."

The court noted that this language was clear and unambiguous in limiting the underinsured motorist payments to the highest applicable policy amount between the two insurance companies. Such payment had already been made by a separate insurance company that had insured his wife's car. The language here is not much more specific than the language in the policies in the case at bar, but in this case it was applied in a situation involving two different insurance companies.

the underinsured motorist coverage on policy number 1339 277 F17 47D and number 2266 322 C24–47.

Accordingly, the plaintiff's motion for summary judgment is GRANTED, and the defendant's cross-motion for summary judgment is DENIED.

IT IS SO ORDERED.