NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEICO ADVANTAGE INSURANCE COMPANY,

Plaintiff - Appellee,

v.

DAVID J. WEILERT; AMBER D. WEILERT,

Defendants - Appellants.

No. 23-2729

D.C. No. 3:22-cv-05997-DGE

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Submitted October 10, 2024[**]
San Francisco, California

Before: KOH and JOHNSTONE, Circuit Judges, and SIMON, District Judge.[***]

David and Amber Weilert appeal the district court's order granting summary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

judgment for GEICO Advantage Insurance Company ("GEICO") and denying the Weilerts' motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment orders de novo, *Roberts v. Springfield Util. Bd.*, 68 F.4th 470, 474 (9th Cir. 2023), and we affirm. Washington permits anti-stacking provisions in insurance policies. Wash. Rev. Code § 48.22.030(5). A valid anti-stacking provision does not need to contain this statute's exact language; the provision only has to "express the intent of the statute and [be] unambiguous when read as a whole." *Mut. of Enumclaw Ins. Co. v. Grimstad-Hardy*, 857 P.2d 1064, 1073 (Wash. Ct. App. 1993) (citing *Safeco Corp. v. Kuhlman*, 737 P.2d 274, 276 (Wash. Ct. App. 1987)). When read as a whole, the GEICO insurance policy ("Policy") unambiguously prevents stacking of underinsured motorist ("UIM") coverage.

An average purchaser would recognize that the GEICO Policy is susceptible to only one reasonable reading. *See Daley v. Allstate Ins. Co.*, 958 P.2d 990, 993 (Wash. 1998). The Declarations Page provides the UIM limits of $100,000/$300,000 only once, listed next to the four autos on the Policy. Next, the Limits of Liability section provides that "[t]he maximum limits apply for each auto for which a premium is shown in the Policy declarations" and that "[w]e will pay no more than these maximums regardless of the number of: (a) Autos or trailers to which this policy applies." When read together, the average purchaser would

understand this language to mean that each auto for which a premium was paid is entitled to the $100,000/$300,000 limits and that the $100,000/$300,000 limits cannot be exceeded regardless of the number of autos on the Policy. Therefore, there is no genuine dispute of material fact as to whether the Policy allows stacking of the $100,000/$300,000 limits; it does not.

**AFFIRMED**.